The STATE of Ohio, Appellee,

v.

KEEFER, Appellant.

[Cite as *State v. Keefer* (1998), 128 Ohio App.3d 262.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 72624.

Decided June 8, 1998.

*Edward M. Walsh,* Assistant County Prosecuting Attorney, for appellee.

*Michael J. O'Shea* and *William Telzrow,* for appellant.

NAHRA, Presiding Judge.

Appellant, Matthew Keefer, appeals the trial court's denial of his motion to vacate and/or withdraw his guilty pleas, claiming that his counsel, the court, and the prosecutor all incorrectly stated that the offenses to which he pleaded guilty were probationable.

Keefer was indicted for aggravated arson, unlawful possession of dangerous ordnance, possessing criminal tools, and three counts of attempted murder. All of these charges stemmed from an incident occurring on May 5, 1996, in which a home located at 2113 West 7th Street, Cleveland, was firebombed and set ablaze.

Appellant, with the representation of counsel, entered pleas of guilty to one count of attempted aggravated arson (Count 1) and one count of felonious assault (Count 4). The prosecution amended Count 1 so that it tracked the aggravated arson statute exactly, R.C. 2909.02, adding only "by use of dangerous ordnance." Count 4, originally attempted murder, was amended to the lesser included offense of felonious assault, in violation of R.C. 2903.11(A)(2), which forbids anyone to "cause or attempt to cause physical harm * * * by means of a deadly weapon or dangerous ordnance." The colloquy following the amendments went as follows:

"MR. MANIKER [Defense Counsel]: The only other thing I wanted to make sure Mr. Walsh [Assistant Prosecutor] puts on the record is that these amended counts are both probationable.

"THE COURT: Good point.

"MR. MANIKER: Is that correct Mr. Walsh?

"MR. WALSH: That's correct Your Honor.

"THE COURT: Thank you."

The trial court went on to inform appellant of his constitutional rights and the proceedings continued as follows:

"THE COURT: Anybody, including your attorney, prosecutor or state or county, promise or make any promises or threats to push you into entering these pleas today?

"DEFENDANT: No.

"THE COURT: Very good. So you are pleading guilty to the lesser included offense in Count 1 and 4. Both of them, as amended by Mr. Walsh so kindly, are both probationable offenses but subject to incarceration of anywhere from 3, 4, 5, 6, 7, 8, to 15, times two, and up to a $7,500 fine for each count. Understand?

"DEFENDANT: Yes, sir.

"THE COURT: Are you satisfied with the representation you received by your attorney?

"DEFENDANT: Yes, sir.

"THE COURT: Anything about this case or proceedings you don't understand Matthew?

"DEFENDANT: No, sir."

As part of the plea, the remaining counts of the indictment were nol-prossed. The appellant was then referred for a presentence investigation report prior to sentencing.

On November 4, 1996, the appellant was sentenced to a term of incarceration of seven to fifteen years on each of the two amended counts of the indictment. These sentences were ordered to run consecutively, totaling a term of fourteen to thirty years.

On February 26, 1997, the appellant filed a motion to vacate and/or withdraw his guilty plea. After hearing oral argument on May 16, 1997, the trial court on May 21, 1997, denied appellant's motion. Appellant timely appeals and assigns one error for our review.

Appellant's sole assignment of error states:

"The trial court erred by denying defendant's motion to withdraw his guilty plea because the undisputed facts are that the defendant, the prosecutor and the trial court all believed that the defendant was pleading guilty to a nonprobationable [sic] offense."

Appellant alleges that the trial court failed to comply with Crim.R. 11(C)(2) and argues that pursuant to Crim.R. 32.1, which states, "[T]o correct manifest injustice the court after sentence may set aside the judgment of

conviction and permit the defendant to withdraw his or her plea," his conviction should be vacated.

Crim.R. 11(C)(2) requires:

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, *that he is not eligible for probation.*

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself." (Emphasis added.)

■ A trial court in taking a plea must substantially comply with Crim.R. 11(C)(2)(a) and (b). *State v. Colbert* (1991), 71 Ohio App.3d 734, 737, 595 N.E.2d 401, 403.

■ "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474, 476. Furthermore, "[a] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently and voluntarily made must show a prejudicial effect." *State v. Scott* (1996), 113 Ohio App.3d 401, 402, 680 N.E.2d 1297, 1298. Therefore, upon review, "a finding of compliance with the rule can be based upon a consideration of the totality of the circumstances surrounding the entry of the plea." *State v. Carter* (1979), 60 Ohio St.2d 34, 14 O.O.3d 199, 396 N.E.2d 757; see, also, *State v. Nero, supra; Colbert, supra.*

In this case, it is clear from the record that the trial court was in error in stating the offenses were probationable. Appellant pleaded guilty to two counts, attempted aggravated arson and felonious assault, each of which, as amended, included the specification of "dangerous ordnance." "Dangerous ordnance" is defined as "any explosive device or incendiary device." R.C. 2923.11(K). An "incendiary device" is any firebomb or device that is designed to cause harm to any person or property through the use of fire. R.C. 2923.11(I). When a defendant is convicted of a crime or crimes during which he was armed with a

firearm or dangerous ordnance, the offender shall not be placed on probation. R.C. 2951.02(F)(3). Thus, both offenses to which defendant pleaded guilty were not probationable.

Our court has consistently held there is not substantial compliance with Crim.R. 11(C)(2)(a) when the trial court fails to inform the defendant that he is not eligible for probation and the circumstances do not show that he knew he was not eligible. *State v. Calvillo* (1991), 76 Ohio App.3d 714, 603 N.E.2d 325; *State v. Hurayt* (July 23, 1992), Cuyahoga App. No. 60676, unreported, 1992 WL 173299; *State v. Myers* (Oct. 13, 1994), Cuyahoga App. No. 66916, 1994 WL 568316. In this case the failure to comply with the mandates of Crim.R. 11 is more egregious. Rather than failing to inform the defendant that he was ineligible for probation, the court affirmatively represented to him that he was eligible for probation. Thus, the court erred in refusing to permit defendant to withdraw his plea.

Accordingly, appellant's assignment of error is sustained.

*Judgment reversed*
*and cause remanded.*

O'DONNELL and ROCCO, JJ., concur.