The STATE of Ohio, Appellee,

v.

CORBIN, Appellant.

[Cite as *State v. Corbin* (2001), 141 Ohio App.3d 381.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 77079.

Decided Feb. 12, 2001.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Jocelyn Conwell,* Assistant Prosecuting Attorney, for appellee.

*Patricia Koch Windham;* and *Kevin Corbin, pro se,* for appellant.

---

KENNETH A. ROCCO, Presiding Judge.

Defendant-appellant Kevin Corbin appeals from his conviction after entering a guilty plea to a charge of trafficking in crack cocaine with a schoolyard specification.

In his three assignments of error, appellant challenges his conviction on the basis that his guilty plea was not entered knowingly, voluntarily, or intelligently.

Appellant contends that the trial court failed to adequately explain the nature of the offense and also incorrectly stated the maximum penalty involved; appellant asserts that as a result of the foregoing, the sentence imposed upon him was improper. Appellant further contends that his trial counsel rendered ineffective assistance for his failure to object to the errors that occurred at appellant's plea hearing and sentencing.

Following a review of the record, this court cannot find trial counsel's assistance was inadequate. However, the trial court's failure to inform appellant of the correct maximum penalty involved in the precise offense to which he entered a plea rendered appellant's plea invalid. Appellant's conviction, therefore, must be reversed and this case remanded for further proceedings.

Appellant's conviction stems from a series of incidents that eventually resulted in the filing of a twelve-count indictment against him. Counts one through four charged appellant with trafficking in crack cocaine on September 16, 19, 24, and 25, 1998, in amounts from one to ten grams in violation of R.C. 2925.03. Counts five and six charged appellant with trafficking in crack cocaine on September 29 and 30, 1998, in amounts not exceeding five grams; both of these counts contained a schoolyard specification. Counts seven through eleven charged appellant with felonious assault on September 30, 1998, in violation of R.C. 2903.11.

Since each of these latter five counts named an automobile as the weapon appellant used and each further named a different police officer as the victim, and since each count contained a peace-officer specification, it can be assumed appellant attempted to flee when the officers approached to arrest him on September 30, 1998. The remaining count of the indictment charged appellant with possession of criminal tools, to wit, money, on that same date in violation of R.C. 2923.24.

Appellant pleaded not guilty to the charges at his arraignment and retained counsel to represent him. Following some discovery, the prosecutor notified the trial court that a plea agreement had been reached. The trial court thereupon held a hearing on the matter.

At the outset of the hearing, the prosecutor briefly set forth the counts of the indictment and informed the trial court that appellant would be entering a guilty plea to only count five. The prosecutor incorrectly stated that count five was a felony of the first degree rather than a felony of the third degree as set forth in R.C. 2925.03(C)(4)(c).[1]

Appellant's counsel added that the agreement included a sentence of five years; the prosecutor supported that addition, stating that the agreed sentence would be "[i]nstead of the actual mandatory time, which would have been three to ten years pursuant to the statute." Appellant's counsel further informed the trial court that appellant had made his choice to accept the agreement after "full discovery," which counsel had "shared" with appellant.

The trial court thereupon conducted a colloquy with appellant. Appellant answered, "Yes," when asked if it was his decision to enter into the plea agreement "as outlined thus far." At the conclusion of the colloquy, the following exchange occurred:

"THE COURT: Based upon the statement of the prosecutor's attorney and your lawyer, I believe it is your intention at this time to plead guilty to count five as indicted, this is *trafficking in cocaine* under 2925.03 with a school yard specification under 2925.03(C)(2)(B) [*sic*].

"Now, as indicted, this is a *felony of the 1st degree,* carries with it a possible prison term of *three years up to ten years* in prison and a fine up to $20,000.
* * *

"* * *

"Other than the agreed sentence of five years and the delayed sentence, there have been no threats or promises.

"THE DEFENDANT: No." (Emphasis added.)

---

1. R.C. 2925.03(C)(4)(c) states:
 "Except as otherwise provided in this division, if the amount of the drug involved exceeds five grams but does not exceed ten grams of cocaine that is not crack cocaine or *exceeds one gram but does not exceed five grams of crack cocaine,* trafficking in cocaine is a felony of the fourth degree, and there is a presumption for a prison term for the offense. If the amount of the drug involved is within one of those ranges *and if the offense was committed in the vicinity of a school* or in the vicinity of a juvenile, *trafficking in cocaine is a felony of the third degree,* and there is a *presumption for a prison term* for the offense." (Emphasis added.)

The trial court thereafter accepted appellant's plea of guilty to count five and dismissed the remaining counts of the indictment. During appellant's sentencing, the trial court observed:

"THE COURT: You're looking at a lot of time in this case.

"THE DEFENDANT: Yes.

"THE COURT: I don't know what the agreement was between the prosecutor and you and your attorney, but the agreed sentence is five years, you're looking at an awful lot of time with 12 counts maximum penalty of ten years.

"THE DEFENDANT: Right.

THE COURT: Do you understand that? You have agreed to a five year sentence.

"THE DEFENDANT: Yeah."

Appellant was sentenced accordingly. This court has granted appellant's motion to file a delayed appeal of his conviction.

Appellant presents one assignment of error by and through counsel and two assignments of error *pro se.* Since all are related, they are addressed together as follows:

"I. Trial court erred in accepting appellant's plea of guilty as it was not entered knowingly, intelligently and voluntarily.

"II. Appellant's due process rights were abridged when he received ineffective assistance of counsel.

"III. The trial court erred in sentencing appellant."

 Appellant asserts that his plea is invalid both because the nature of the offense to which he entered his plea was inadequately explained and also because the maximum penalty involved for that offense was improperly stated. Appellant thus contends that his plea was neither knowingly, voluntarily, nor intelligently made. Appellant further contends in his first assignment of error *pro se* that his trial counsel rendered ineffective assistance for permitting the plea and sentencing proceedings to occur without objecting to them on the foregoing grounds. This court must agree with appellant in part.[2]

---

2. The state points out in its appellate brief that this court previously has stated that a defendant's failure to file a motion to withdraw his plea constitutes a waiver of an appellate challenge to the plea. See, *e.g., State v. Carmon* (Nov. 18, 1999), Cuyahoga App. No. 75377, unreported, 1999 WL 1044603. However, the Supreme Court has mentioned no such requirement. *State v. Green* (1998), 81 Ohio St.3d 100, 689 N.E.2d 556; *State v. Nero* (1990), 56 Ohio St.3d 106, 564 N.E.2d 474. Moreover, this court has not been consistent in that position. *State v. Arnold* (July 16, 1998), Cuyahoga App. No. 72813, unreported, 1998 WL 398223.

Crim.R. 11(C)(2) provides:

"(C) Pleas of guilty and no contest in felony cases.

"* * *

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and *shall not accept a plea of guilty or no contest without* first addressing the defendant personally and doing all of the following:

"(a) *Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved,* and, if applicable, that he is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." (Emphasis added.)

The Supreme Court has stated there must be "substantial compliance" with the requirements of Crim.R. 11(C). *State v. Nero* (1990), 56 Ohio St.3d 106, 564 N.E.2d 474. The *Nero* court defined that term thus:

"Substantial compliance means that under the *totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. Stewart* [ (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163]; *State v. Carter* (1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199, 201, 396 N.E.2d 757, 760, certiorari denied (1980), 445 U.S. 953 [100 S.Ct. 1605, 63 L.Ed.2d 789]. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *Stewart, supra,* at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167; Crim.R. 52(A). The test is whether the plea would have otherwise been made. *Id.*" (Emphasis added.) *Id.* at 108, 564 N.E.2d at 476.

It is clear from a perusal of the relevant provisions of R.C. 2925.03 that offenses involving cocaine are treated differently depending on the drug's form. R.C. 2925.01(X) and (GG) define the differences between forms of cocaine; they indicate that because crack cocaine is highly addictive and is "generally intended for individual use," it is the more insidious substance. Thus, trafficking in *crack* cocaine is an offense of a different *nature* than trafficking in cocaine in one of its other states.

The trial court in this case, however, made no such distinction. The trial court indicated at appellant's plea hearing that appellant was entering a plea of guilty only to "trafficking in cocaine under R.C. 2925.03 with a schoolyard specification." This was inadequate to inform appellant of the precise nature of the offense to which he was entering his change of plea. See, *e.g., State v. Keefer* (1998), 128 Ohio App.3d 262, 714 N.E.2d 465.

Furthermore, it is axiomatic that a defendant must know the maximum penalty involved before the trial court may accept his guilty plea. *State v.*

*Wilson* (1978), 55 Ohio App.2d 64, 9 O.O.3d 223, 379 N.E.2d 273; *State v. Gibson* (1986), 34 Ohio App.3d 146, 517 N.E.2d 990. The record in this case affirmatively demonstrates that at the plea hearing no one, including the trial court, correctly informed appellant that in pleading guilty to trafficking in crack cocaine in an amount not exceeding five grams, with a schoolyard specification, he was pleading guilty to a felony of the *third* degree, which carried a presumption of incarceration of one, two, three, four, or five years. R.C. 2929.14(A)(3) and 2929.13(E)(1).

The trial court also failed to explain that the presumption could be *rebutted* depending on the trial court's consideration of certain factors and the trial court's statement on the record of certain findings. R.C. 2929.13(C) and (D). In entering his guilty plea, appellant believed that the agreed sentence was only half the potential penalty involved for that offense, rather than the maximum. *State v. Keefer, supra.*

■ The record, therefore, reveals that the trial court did not substantially comply with the requirements of Crim.R. 11(C). Since appellant did not fully understand either the nature of the charge or the consequences of his plea, his plea was invalid; the only appropriate remedy, therefore, is to vacate his plea and to remand this case. *State v. Caplinger* (1995), 105 Ohio App.3d 567, 664 N.E.2d 959; *State v. Calvillo* (1991), 76 Ohio App.3d 714, 603 N.E.2d 325; *Metro. Park Dist. v. Pauch* (Dec. 16, 1999), Cuyahoga App. No. 74792, unreported, 1999 WL 1204878; *State v. Barrett* (Dec. 5, 1996), Cuyahoga App. Nos. 70038 through 70041, unreported, 1996 WL 695639; *State v. Myers* (Oct.13, 1994), Cuyahoga App. No. 66916, unreported, 1994 WL 568316; *State v. Jones* (Sept. 22, 1994), Cuyahoga App. No. 65160, unreported, 1994 WL 520858; *State v. Walker* (Jan. 20, 1994), Cuyahoga App. No. 63437, unreported, 1994 WL 18579.

■ That conclusion, however, does not dispose of appellant's claim of ineffective assistance of counsel. To prevail on this claim, appellant must first demonstrate that counsel's performance was deficient and then must show that counsel's errors prejudiced his defense. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373; *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715. Counsel is presumed to have rendered adequate assistance unless appellant proves otherwise. *State v. Smith* (1985), 17 Ohio St.3d 98, 17 OBR 219, 477 N.E.2d 1128.

The record in this case reflects that counsel was well prepared and knowledgeable. Moreover, as the trial court noted, appellant was facing "a lot of time in this case." Defense counsel was able to broker a plea agreement by which eleven of the twelve outstanding counts against appellant were dismissed; five of those counts were felonies of the first degree. R.C. 2903.11(B). Counsel's arrangement in this case of an agreed sentence of only five years for appellant in the face of all these charges, therefore, hardly can be consider deficient. Thus, appel-

lant's claim of ineffective assistance of counsel cannot be credited. *State v. Smith* (Mar. 9, 2000), Cuyahoga App. No. 75512, unreported, 2000 WL 263405; *State v. Hill* (Feb. 4, 1993), Cuyahoga App. Nos. 61685 and 61686, unreported, 1993 WL 27640. Appellant's first assignment of error *pro se*, accordingly, is overruled.

Since the trial court improperly accepted appellant's plea without an adequate explanation of either the nature of the offense or the maximum penalty involved for that offense, however, appellant's first assignment of error and his second assignment of error *pro se* are sustained.

Appellant's conviction is vacated; this case is remanded for further proceedings.

*Conviction vacated*
*and cause remanded.*

JAMES D. SWEENEY and FRANK D. CELEBREZZE, JR., JJ., concur.