JOURNAL ENTRY and OPINION
Defendant-appellant Bryan Jones appeals from his conviction after entering a guilty plea to the offense of trafficking in cocaine with a schoolyard specification.
Appellant contends his plea was not knowingly, voluntarily and intelligently made on the basis the trial court failed to adequately explain post-release control sanctions. Upon a review of the record, this court agrees with appellant; therefore, his conviction is vacated, and this case is remanded for further proceedings.
Appellant originally was indicted with two others on four counts as follows: (1) trafficking in cocaine in an amount greater than twenty-five grams, with a schoolyard specification, R.C. 2925.03; (2) trafficking in counterfeit crack cocaine, with a schoolyard specification, R.C. 2925.37; (3) cocaine possession, R.C. 2925.11; and (4) possession of criminal tools, R.C. 2923.24. Appellant pleaded not guilty to the charges and was assigned counsel to represent him.
After some discovery, the parties notified the trial court a plea bargain had been arranged. In return for appellant's plea of guilty to count one, the state would dismiss the remaining charges and agree to a sentence of eight years for that first-degree felony.
The trial court conducted a plea hearing. Although the terms of the plea agreement between the parties were set forth, the trial court demonstrated a great deal of concern as to whether appellant realized the plea in this case would constitute a probation violation in an earlier case before a different judge. The trial court, however, continued to proceed with a Crim.R. 11 colloquy with appellant.
Appellant was informed of the constitutional rights he was waiving by entering his plea, the nature of the charges against him, and the maximum penalty involved, viz., an agreed eight-year term of incarceration and a mandatory fine. In this context, the trial court also simply asked appellant if he understood "if [he was] sentenced to prison, [he] could be subject to post-release control once [he got] out." Appellant acknowledged each of the trial court's queries with, "Yes." After assuring itself appellant realized it could not influence what would occur in appellant's other case, the trial court accepted appellant's plea and sentenced him to the agreed term of incarceration.
Appellant later filed a motion to withdraw his plea; the trial court overruled his motion. This court has granted appellant's subsequent motion for leave to file a delayed appeal.
Appellant presents the following assignment of error for review.
 THE TRIAL COURT ERRED WHEN IT FAILED [TO] INFORM BRYAN JONES THAT HE WOULD BE SUBJECT TO POST-RELEASE CONTROLS OR EXPLAIN WHAT POST-RELEASE CONTROLS MEANT AND THEREFORE HIS GUILTY PLEA NOT WAS MADE (SIC) KNOWINGLY AND VOLUNTARILY AND [WAS] IN VIOLATION OF CRIM.R. 11 AND R.C. 2929.19.
Appellant contends the trial court's acceptance of his guilty plea was improper on the basis the trial court failed to adequately inform him of the statutory provisions regarding post-release control. This contention has merit.
R.C. 2943.032(E) requires a trial court, prior to accepting a guilty plea for which a term of imprisonment will be imposed, to inform a defendant regarding post-release control sanctions. It can be inferred from Crim.R. 11(C) and the language of the recent supreme court opinion in Woods v. Telb (2000), 89 Ohio St.3d 504, that such sanctions should be explained in a reasonably thorough manner.
This court previously has required a trial court in sentencing to notify a defendant of the applicable post-release control provisions. See, e.g., State v. Melton (May 4, 2000), Cuyahoga App. No. 75792, unreported; State v. Davis (June 18, 1999), Cuyahoga App. No. 72820, unreported; State v. Shine (Apr. 29, 1999), Cuyahoga App. No. 74053, unreported.
In this case, the trial court posed only a single question regarding the matter to appellant. The trial court's failure to offer any exposition of post-release control sanctions neither was adequate nor constituted substantial compliance with the trial court's responsibility.
This finding is made in view of the supreme court's lengthy exposition of the terms of R.C. 2967.28 in Woods, supra and the supreme court's directive therein that a trial court must inform the offender * * * at the time of a plea hearing that post-release control is a part of the offender's sentence. Id. at 513. (Emphasis added).
From the language employed in Woods, and from the mandatory nature of the language used in R.C. 2943.032, it is clear that post-release control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation of post-release control from the trial court, appellant could not fully understand the consequences of his plea as required by Crim.R. 11(C). His plea thus was invalid; accordingly, his subsequent conviction must be vacated. State v. Calvillo (1991), 76 Ohio App.3d 714.
In so stating, clearly this court does not agree with the reasoning set forth in State v. Patterson (July 29, 1999), Cuyahoga App. No. 744348, unreported [discretionary appeal not allowed (1999), 87 Ohio St.3d 1450], and State v. Wright (Sept. 28, 2000), Cuyahoga App. No. 77748.[1] In Patterson, this court failed to consider the effect of R.C. 2943.032; in Wright, this court failed to consider the effect of Woods.
 When a trial court has failed to comply with the requirements of R.C. 2929.19 and R.C. 2943.032 at sentencing after a conviction upon a jury's verdict, it is appropriate for an appellate court to vacate only an offender's sentence rather than the conviction itself.[2] However, that is distinguishable from the appropriate remedy when a trial court has accepted a guilty plea without an adequate explanation of the potential penalties involved in the offense. Crim.R. 11(C)(2)(a); State v. Keefer (1998), 128 Ohio App.3d 262; State v. Calvillo, supra.
This court finds support for this position in Woods, supra at 510, where the supreme court noted that at the time of the offender's plea to a fifth degree felony, he had been informed that he was subject to discretionary post-release control for a period of three years. In the instant case, the trial court informed appellant only that he could be subject to an unspecified amount of post-release control. Pursuant to R.C. 2967.28(B)(1), appellant actually was subject to a mandatory period of five years.
Accordingly, appellant's assignment of error is sustained.
Appellant's conviction and sentence are vacated, and this case is remanded for further proceedings.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________ KENNETH A. ROCCO, J.:
ANN DYKE, A.J. CONCURS ANNE L. KILBANE, J. DISSENTS
[1] It should be noted that Patterson was decided prior to the supreme court's decision in Woods, supra.
[2] By the same token, it is inappropriate in this case to declare a statutorily-mandated portion of appellant's sentence does not exist in the absence of the trial court's pronouncement of it and to dismiss the appeal as moot. See, e.g., State v. Linen (Dec. 15, 2000), Cuyahoga App. Nos. 74070-71, unreported. Courts are to impose sentence as authorized by the Legislature. Dillon v. State (1883), 38 Ohio St. 586; Cleveland v. Scott (1983), 8 Ohio App.3d 358 . In Linen, this court stated the requirements of R.C. 2943.032 did not apply since the defendant entered a plea to R.C. Chapter 2971" charges; however, rather than simply denying the appeal on this basis, this court declared the trial court's failure to refer to post-release control sanctions meant none could be imposed and dismissed the appeal as moot. The effect of the Linen decision is to authorize the trial court to omit a portion of a sentence in spite of a statutory mandate to the contrary. Cf., State v. Virasayachack (Aug. 10, 2000), Cuyahoga App. No. 76782, unreported (declared trial court's imposition of sentence for violation of post-release control improper and required vacation and remand; pursuant to R.C. 2929.15(B), that sanction was not available in absence of its pronouncement at original sentencing hearing).