DECISION AND JUDGMENT ENTRY
{¶ 1} David B. Clark appeals his conviction and sentence by the Pickaway County Court of Common Pleas. Clark contends that the trial court erred in accepting his guilty plea, because the plea was not voluntary due to the trial court's failure to inform him that the State's recommended sentence is not binding on the court. Because the record does not establish that Clark subjectively understood that the trial court could impose a greater sentence than the agreed recommended sentence, we agree. Clark also asserts that the trial court erred in ordering Clark to pay court costs despite the fact that he is indigent. Because the R.C.2949.14 provides for the assessment of costs only against nonindigent persons, and because the trial court's only finding regarding Clark's financial status concludes that he is indigent, we agree. Accordingly, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
 I. {¶ 2} The Pickaway County Grand Jury indicted Clark on one count of attempted murder, and Clark pled not guilty. Clark also filed an affidavit of indigency and the trial court appointed counsel to represent him. In his affidavit, Clark agreed to inform the court if his financial status changed.
 {¶ 3} Subsequently, the trial court held a hearing where the State sought leave to amend the charge to felonious assault and informed the court that it was the State's understanding that Clark would enter a guilty plea to the amended charge. The petition to enter a guilty plea signed by Clark on the day of the hearing states, "No promises have been made except as part of this plea agreement stated entirely as follows: request PSI State agrees to recommend 4½ years prison sentence and would be willing to entertain a motion for judicial release after defendant has served between 1½ to 2 years of his sentence." However, neither Clark's counsel nor the State verbally mentioned at the plea hearing that the State agreed to recommend a certain sentence in exchange for Clark's plea.
 {¶ 4} Before accepting Clark's guilty plea, the trial court engaged in a Crim.R. 11(C) dialogue with Clark. Specifically, the trial court informed Clark in part, "the most severe sanction you can receive because of this offense is eight years in prison or a fifteen thousand dollar fine." And then the court asked, "Do you understand what you are charged with with respect to felonious assault and the maximum possible penalty?" Clark responded, "Yes, sir, your Honor." The trial court did not make mention of the impact of a recommended sentence.
 {¶ 5} The trial court found that Clark understood his rights and accepted Clark's plea, finding that Clark entered it knowingly, intelligently and voluntarily. The court then asked the State about its sentencing recommendation and disposition. Both parties agreed that a pre-sentence investigation was necessary prior to a sentencing recommendation and disposition.
 {¶ 6} Several weeks later, after the preparation of a pre-sentence investigation, the parties came before the trial court for a sentencing hearing. Clark's counsel indicated that he joined in the State's recommendation of a four and one-half year sentence with the possibility of future judicial release. Both Clark's counsel and counsel for the State indicated their understanding that the recommended sentence was not binding on the court.
 {¶ 7} The trial court, after reviewing the pre-sentence investigation, the statement of the victim, and the statements of counsel, determined consistent with the principles and purposes of sentencing and the seriousness and recidivism factors, that Clark is not amenable to community control sanctions, and that the shortest prison term would demean the seriousness of the offense and not adequately protect the public. The court further found that Clark committed the worst form of the offense. Therefore, the court ordered Clark to serve the maximum sentence, an eight-year term of imprisonment. Finally, the court ordered Clark to pay court costs.
 {¶ 8} Clark appeals, asserting the following assignments of error: "I. Mr. Clark's guilty pleas (sic) were not voluntary because the trial court failed to tell him the State's recommended sentence was not binding on the court. II. The trial court erred by imposing costs."
 II. {¶ 9} In his first assignment of error, Clark contends that his guilty plea was not knowing, intelligent and voluntary because the trial court failed to inform him that it was not bound by the State's recommended sentence.
 {¶ 10} In determining whether to accept a guilty plea, the trial court must determine whether the defendant has knowingly, intelligently and voluntarily entered the plea. State v. Johnson (1988),40 Ohio St.3d 130, syllabus; Crim.R. 11(C). To do so, the trial court should engage in a dialogue with the defendant as described in Crim.R. 11(C). Knowledge of the maximum penalty is not constitutionally required for a knowing, intelligent and voluntary plea. Johnson at 133, citingState v. Stewart (1977), 51 Ohio St.2d 86, 88. However, Crim.R. 11(C)(2)(a) requires the trial court explain to a defendant, before it accepts the defendant's plea, "the nature of the charge and of the maximum penalty involved." Johnson at 133. Furthermore, under Ohio law, "it is axiomatic that a defendant must know the maximum penalty involved before the trial court may accept his guilty plea." State v. Corbin,141 Ohio App.3d 381, 386-387, 2001-Ohio-4140, citing State v. Wilson
(1978), 55 Ohio App.2d 64; State v. Gibson (1986), 34 Ohio App.3d 146.
 {¶ 11} Strict compliance with Crim.R. 11(C) is preferred; however, a reviewing court will consider a plea to be knowing, intelligent and voluntary so long as the trial judge substantially complies with that rule. State v. Boshko (2000), 139 Ohio App.3d 827. In this context, "substantial compliance" means that "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Stewart (1977),51 Ohio St.2d 86; State v. Carter (1979), 60 Ohio St.2d 34, 38, certiorari denied (1980), 445 U.S. 953.
 {¶ 12} A defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart, supra, at 93; Crim.R. 52(A). "The test is whether the plea would have otherwise been made." State v. Nero (1990),56 Ohio St.3d 106, 108, citing Stewart, supra; Corbin at 386.
 {¶ 13} In this case, the State contends that the trial court's failure to inform Clark that the recommended sentence was not binding constitutes a harmless error because the prosecutor and defense counsel both stated for the record that the recommendation was not binding upon the court. We agree that statements of counsel on the record may demonstrate a defendant's subjective understanding that a recommended sentence is not binding upon the court. See State v. Lane, Greene App. No. 2001-CA-91, 2002-Ohio-1893, at ¶ 88-89; State v. Passon (Sept. 18, 1992), Miami App. No. 90CA44. However, in this case the statements of counsel the State refers to took place at the sentencing hearing, several weeks after the plea hearing. Thus, the statements show nothing regarding what Clark knew when he entered his plea.
 {¶ 14} Reviewing the totality of circumstances, we cannot find that Clark subjectively understood the implications of his plea at the plea hearing. Specifically, the record reveals that the Court verbally informed Clark that the maximum penalty for felonious assault is eight years imprisonment, but Clark signed a form indicating that the State would recommend only a four and one-half year sentence. Without clarification from the court or counsel regarding the force of a recommended sentence, Clark may have believed that his plea agreement guaranteed that he would not receive a sentence greater than four and one-half years. Thus, Clark did not knowingly, intelligently, and voluntarily enter his plea.
 {¶ 15} Moreover, it is not clear from the record that Clark would have entered a guilty plea if he had understood that the State's recommended sentence was not binding upon the court. Therefore, Clark was prejudiced by the court's failure to ensure that he knowingly, intelligently, and voluntarily entered his guilty plea.
 {¶ 16} Accordingly, we sustain Clark's first assignment of error.
 III. {¶ 17} In his second assignment of error, Clark contends that the trial court erred in assessing court costs against him because he is indigent. In their briefs, both parties rely upon R.C. 2949.14 and Statev. Heil (Mar. 30, 2001), Geauga App. No. 2000-G-2268, vacated for lack of a final appealable order, 95 Ohio St.3d 531, 2002-Ohio-2841.
 {¶ 18} R.C. 2949.14 provides that "[u]pon conviction of anonindigent person for a felony, the clerk of the court of common pleas shall make and certify * * * a complete itemized bill of the costs made in such prosecution * * *." (Emphasis added.) "The use of the term `nonindigent' implies that indigent defendants cannot be assessed court costs in felony cases." Heil, supra (Emphasis in original.) This interpretation is supported by R.C. 2949.19, which delineates the procedure by which the clerk of common pleas may be reimbursed for the costs associated with the conviction of an indigent person.
 {¶ 19} The Heil court found that "the legislature intended to relieve indigent felony defendants from the burden of court costs, just as they are relieved from having to pay for an attorney, pay for expert witnesses, pay for filing fees, or pay for transcripts." The court noted, however, "a trial court always has the discretion to evaluate a defendant's affidavit of indigency and determine whether the defendant is truly indigent." The court remanded for resentencing, ordering that costs only be assessed if the trial court became satisfied that the defendant is not indigent.
 {¶ 20} The State agrees with Clark that an indigent person may not be assessed costs, but contends that the court cannot waive costs unless the defendant makes a specific showing that he is indigent. The State further contends that an affidavit of indigency and finding of indigency entered for the purpose of obtaining counsel does not suffice to prove indigency for the purpose of paying costs. Thus, the State contends that in order to avoid the imposition of costs, Clark had to file a second affidavit of indigency at the time of sentencing.
 {¶ 21} The State does not cite to any rule, statute, or case authority that requires a defendant to make a second showing of indigency at the sentencing hearing to avoid costs. We find that such a requirement is not in the interests of judicial economy or justice. Costs should not be assessed against a defendant previously determined to be indigent unless the court determines that the defendant's financial status has changed. That is particularly true in this case, as Clark agreed in his affidavit of indigency to inform the court if his financial situation changed.
 {¶ 22} The trial court may not assess court costs against indigent defendants, and the record in this case indicates that Clark is indigent. Therefore, we sustain Clark's second assignment of error and find that the court erred in assessing court costs.
 {¶ 23} Accordingly, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to the appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Evans, J.: Concur in Judgment and Opinion.