{¶ 18} Based upon some of the statements made in the dissenting opinion, I write separately in order to emphasize the facts which are pertinent to my decision to join the majority opinion's disposition of this case.
 {¶ 19} The dissent notes that appellant "acknowledged" the prison term he could receive. This deserves further elucidation. During the trial court's Crim.R. 11(C) colloquy with appellant, it informed him that the offense was "possibly punishable from three to ten years * * *," with "no reduction" for "post-release control." However, the trial court subsequently equivocated on the foregoing. It went on also to comment on the portion of the plea agreement that provided appellant would cooperate with law enforcement; the trial court stated to appellant that "if he [did]n't cooperate, that was fine with [her], but [he would] begoing to jail if he [did]n't." (Emphasis added.)
 {¶ 20} From this, appellant could have received a mistaken impression at his plea hearing, viz., that the imposition of aterm of imprisonment was discretionary with the court. Pursuant to R.C. 2925.03(C)(1)(e), however, appellant's offense involved a mandatory prison term.
 {¶ 21} Appellant does not seek to invalidate his plea; nevertheless, the trial court's comments at appellant's plea hearing trouble me, because they may have led him to believe he might not be "going to prison" if he cooperated with the police. Such an impression would have been reinforced when the trial court indicated appellant's sentencing would be continued pending a police report on his cooperation and the probation department's preparation of a pre-sentence report.
 {¶ 22} In light of the seriousness of the charge, without the qualification given by the trial court, appellant might have declined to enter the plea in the first place. The transcript of the plea hearing suggests appellant's plea is invalid based upon the analysis set forth in State v. Corbin (2001),141 Ohio App.3d 381. Indeed, I would be inclined to vacate his plea if one of my colleagues would join me.
 {¶ 23} My decision to join the majority's disposition of this appeal further, and similarly, is influenced by what occurred at appellant's sentencing hearing, which was held a little over a month later. The trial court was provided with a copy of a letter received by the prosecutor's office that indicated although appellant had attempted to arrange drug purchases, none had been completed. Appellant did not seem to be responsible for the failures; nevertheless, the trial court decided to overlook those indications. Instead, the trial court chose to view the poor results as due to appellant's lack of cooperation and his "own choosing."
 {¶ 24} Based upon this narrow view, and as the majority opinion recounts, the trial court proceeded to read numerous additional facts into the circumstances that surrounded the incident: the amount of drugs found in the two rooms showed appellant's "sophistication" in trafficking and his luck in avoiding the justice system. This led to the conclusion appellant's offense was "one of the worst offenses of its kind."
 {¶ 25} In turn, considering the "amount of drugs that were involved," together with the potential "impact" of those drugs on "the community," the court could not decide to grant "acommunity control sanction, which would allow him to continue to be involved in the drug community;" indeed, appellant had "no remorse" and, thus, "incarceration is the appropriate
sanction." (Emphasis added.) Not satisfied with the foregoing, the court continued in this vein, stating again its opinion appellant demonstrated a "sophisticated manner" in committing the offense.
 {¶ 26} Only after stacking, one on top of the other, these suppositions which have no factual basis in the record did the trial court "find" the minimum sentence under the circumstances "would demean the seriousness of the offense that was involved here," so "a more stringent sentence is warranted."
 {¶ 27} Clearly, R.C. 2929.14(B) did not require the trial court to impose the minimum term upon appellant if it made a finding one of the two factors applied. State v. Edmonson
(1999), 86 Ohio St.3d 324. However, the trial court must also consider the other applicable sentencing statutes as well. See, R.C. 2929.11, 2929.12. The transcript indicates the trial court failed in its statutory duties when it determined appellant's offense deserved the penalty imposed. State v. Huntley, Hocking App. No. 02CA15, 2002-Ohio-6806.
 {¶ 28} All the record contains is some indication appellant and his co-defendants were "partying" and in the process may have been providing drugs to friends and/or their acquaintances. Without proof that appellant actually either was selling or preparing to sell the quantity of drugs he and his co-defendants had in their motel rooms to the general public, the trial court's finding that appellant committed the "worst form" of the offense totally is unsupported.
 {¶ 29} Therefore, especially for the foregoing reasons, I join the majority opinion in its disposition of this appeal.