OPINION
{¶ 1} Defendant-Appellant, Brian Elliott, appeals from the judgment of conviction and sentence entered after Appellant pled guilty to one count of Burglary, in violation of R.C. 2911.12(A)(2), with a firearm specification, in violation of R.C. 2929.14(D) and 2941.141, and one count of Aggravated Robbery, in violation of R.C. 2911.01(A)(1). A timely Notice of Appeal was filed on December 5, 2006. On February 5, 2007, counsel for Appellant filed a brief, pursuant to Anders v.California (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth the following proposed Assignment of Error:
 {¶ 2} "APPELLANT'S PLEA OF GUILTY WAS NOT MADE KNOWINGLY AND INTELLIGENTLY."
 {¶ 3} On February 21, 2007, counsel for Appellant filed a Motion to Withdraw and a notice wherein she certified that Appellant had been duly served with a copy of the brief and notified of his right to file a pro se brief. Although Appellant was duly notified according to said certification of his right to file a pro se brief, no such brief was filed.
 {¶ 4} In Anders, the United States Supreme Court held that if, after a conscientious examination of the record, a defendant's counsel concludes that the case is wholly frivolous, then she should so advise the Court and request permission to withdraw. Id. at 744. Counsel must accompany her request with a brief identifying anything in the record that could arguably support her client's appeal. Id. Counsel also must: (1) furnish her client with a copy of the brief and request to withdraw; and, (2) allow her client sufficient time to raise any matters that her client chooses. Id. Once the *Page 3 
defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires.Id.
 {¶ 5} The procedural history regarding this case is as follows: On August 26, 2006, the Licking County Grand Jury returned an indictment against Appellant for one count of Burglary with a firearm specification and one count of Aggravated Robbery.
 {¶ 6} On November 14, 2006, Appellant pled guilty as charged in the indictment. Appellant was sentenced to serve a five-year term of incarceration for the burglary conviction with a consecutive one-year term of incarceration for the firearm specification and a seven-year term of incarceration for the aggravated robbery conviction. The trial court further ordered the sentences to run consecutively for an aggregate thirteen-year term of incarceration.
 {¶ 7} We now turn to Appellant's potential Assignment of Error.
 I. {¶ 8} In his potential Assignment of Error, Appellant essentially argues that his plea of guilty was not knowingly, voluntarily and intelligently entered. In support, Appellant argues that the trial court incorrectly informed him that the possible maximum sentence was twenty-one years rather than correctly as nineteen years, and failed to inform him that the term of post-conviction release would be five years.
 {¶ 9} Crim.R. 11 sets forth the procedure which a trial court must follow in accepting a guilty plea. Crim.R.11(C)(2) states, in pertinent part, as follows: "In felony *Page 4 
cases, the court may refuse to accept a plea of guilty * * * and shall not accept such plea without first addressing the defendant personally, and:
 {¶ 10} "(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
 {¶ 11} "(b) Informing him of and determining that he understands the effect of his plea of guilty * * * and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 12} "(c) Informing him and determining that he understands that by his plea, he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
 {¶ 13} Pursuant to Crim.R. 11, a defendant must know the maximum penalty involved before the trial court may accept his guilty plea. R.C.2943.032(E) requires a trial court, prior to accepting a guilty plea for which a term of imprisonment will be imposed, to inform a defendant regarding post-release control sanctions in a reasonably thorough manner. Woods v. Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103; see, also, State v. Corbin, 141 Ohio App.3d 381, 387, 751 N.E.2d 505.
 {¶ 14} If the record indicates that the trial court substantially complied with the above requirements of Crim.R. 11, the plea will not be set aside. State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115. "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of *Page 5 
his plea and the rights he is waiving." State v. Nero (1990),56 Ohio St.3d 106, 108, 564 N.E.2d 474.
 {¶ 15} Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect State v. Stewart (1977),51 Ohio St.2d 86, 93, 364 N.E.2d 1163. The test is whether the plea would have otherwise been made. Id. at 108.
 {¶ 16} In this case, prior to accepting Appellant's guilty plea, the trial court explained to the Appellant that by entering a guilty plea, he would be waiving his Fifth Amendment privilege against self-incrimination; the right to a trial by jury; the right to confront his accusers; the right to compulsory process of witnesses; and, the right to be proven guilty beyond a reasonable doubt. The trial court also fully apprised Appellant of the nature of the offenses; the range of possible penalties and fines; the possibility of the imposition of post-release control; and, the potential consequences for a violation of post-release control. The trial court also inquired whether Appellant had been threatened or promised anything in exchange for his plea.
 {¶ 17} Throughout the Crim.R. 11 plea colloquy, Appellant indicated that he waived his rights, understood the nature of the charges against him, the terms of post-release control, the range of penalties, and that his plea had not been induced by promise or threat. Appellant also reviewed and executed "Admission of Guilt/No Contest" forms for each offense prior to entering his guilty pleas. The forms included the maximum penalties for each offense and were filed and made a part of the record.
 {¶ 18} An appellate court is bound by the record. In this case, the record does not support Appellant's claim that his pleas was involuntarily entered or based upon *Page 6 
omissions or misinformation on which he relied to his prejudice. Furthermore, the record does not indicate that Appellant's pleas would not have otherwise been made. The record clearly reveals that Appellant was fully informed by the trial court as to the rights he was waiving and all other consequences of his guilty plea. The transcript of the plea proceedings evidences the trial court's full compliance with the requirements of Crim.R. 11 and R.C. 2943.032(E). Therefore, this Court has no choice but to reject Appellant's claims.
 {¶ 19} Accordingly, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under Anders, grant counsel's request to withdraw, and affirm the judgment of conviction and sentence entered against Appellant by the trial court.
 {¶ 20} The judgment of the Licking County Court of Common Pleas, General Division, is affirmed.
By: Delaney, J. Farmer, P.J. and Wise, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, General Division, is affirmed.
Attorney Diane M. Menashe's motion to withdraw as counsel for Appellant is hereby granted. *Page 1