[Cite as *State v. Loewinger*, 2011-Ohio-5669.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96531**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## FRED LOEWINGER

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535936

**BEFORE:**  Kilbane, A.J., Blackmon, J., and Jones, J.

**RELEASED AND JOURNALIZED:**   November 3, 2011

**ATTORNEY FOR APPELLANT**

Harvey B. Bruner
1600 Illuminating Building
55 Public Square
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Michael E. Jackson
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendant-appellant, Fred Loewinger (Loewinger), appeals his sentence. Finding no merit to the appeal, we affirm.

{¶ 2} In April 2010, Loewinger and 15 codefendants were charged in a multi-count indictment involving mortgage fraud. The indictment states that Loewinger owned a mortgage broker company named Fast Mortgage Services, Inc. Loewinger acted as a loan officer and prepared loan applications that were submitted to lenders for approval. He selected appraisers to value the properties for the loan purposed and consulted with Titles, Etc., Inc. to close the 20 transactions listed in the indictment. Titles, Etc., Inc. is owned by codefendants Mitchel Petti and Mark Petti. Loewinger

performed these activities in a fraudulent manner as the head of the criminal enterprise, which engaged in a series of fraudulent mortgage schemes designed to obtain control over the loan proceeds and distributed those illegally obtained proceeds to others participating in the enterprise.

{¶ 3} Count 1 charged Loewinger with engaging in a pattern of corrupt activity (a first degree felony, with the value of loss greater than $1,000,000 and a mandatory ten-year prison sentence); Count 2 charged him with conspiracy to commit the crime of engaging in a pattern of corrupt activity; Count 3 charged him with money laundering; Counts 4, 5, 74, and 75 charged him with theft by deception; Counts 10, 14, 18, 22, 26, 30, 34, 38, 42, 46, 50, 54, 58, 62, 66, 70, 82, 86, 90, and 94 charged him with securing writings by deception; Counts 11, 15, 19, 23, 27, 31, 35, 39, 43, 47, 51, 55, 59, 63, 67, 71, 83, 87, 91, and 95 charged him with receiving stolen property; Counts 12, 16, 20, 24, 28, 32, 36, 40, 44, 48, 52, 56, 60, 64, 68, 72, 84, 88, 92, and 96 charged him with tampering with records; Counts 13, 17, 21, 25, 29, 33, 37, 41, 45, 49, 53, 57, 61, 65, 69, 73, 85, 89, 93, and 97 charged him with telecommunications fraud; and Count 98 charged him with forfeiture.

{¶ 4} Pursuant to a plea agreement, Loewinger pled guilty to the following: engaging in a pattern of corrupt activity, as amended in Count 1 (a second degree felony, with the value of loss being more than $500,000, but less than $1,000,000); money laundering as listed in Count 3; theft by deception as listed in Counts 4, 5, and 74; and tampering with records as listed in Counts 12, 16, 20, 24, 28, 32, 36, 40, 44, 48, 52, 56,

60, 64, 68, 72, 84, 88, 92, and 96. The remaining counts were nolled. The trial court sentenced Loewinger to six years in prison on Count 1 and three years in prison on each of Counts 3, 4, 5, 12, 16, 20, 24, 28, 32, 36, 40, 44, 48, 52, 56, 60, 64, 68, 72, 74, 84, 88, 92, and 96, to be served concurrently for a total sentence of 6 years. The trial court also ordered restitution in the amount of $1,431,250.58.

{¶ 5} Loewinger now appeals, raising the following single assignment of error for review.

ASSIGNMENT OF ERROR ONE

**"[Loewinger] received ineffective assistance of counsel at sentencing."**

{¶ 6} In order to substantiate a claim for ineffective assistance of counsel, Loewinger must demonstrate "(a) deficient performance ('errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment') and (b) prejudice ('errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable'). *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. Accord *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373." *State v. Adams*, 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29, ¶30.

{¶ 7} In Ohio, a properly licensed attorney is presumed competent. *Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 209 N.E.2d 164. In evaluating whether a petitioner has been denied the effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, * * * had a fair trial and

substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 341 N.E.2d 304, paragraph four of the syllabus. When making that evaluation, a court must determine "whether there has been a substantial violation of any of defense counsel's essential duties to his client" and "whether the defense was prejudiced by counsel's ineffectiveness." *State v. Lytle* (1976), 48 Ohio St.2d 391, 358 N.E.2d 623; *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905. To demonstrate that a defendant has been prejudiced, the defendant must prove "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Bradley* at paragraph three of the syllabus.

{¶ 8} Loewinger argues that he received ineffective assistance when defense counsel failed to highlight the level of cooperation Loewinger provided with the State and that he accepted responsibility for his conduct. He claims defense counsel should have highlighted the numerous hours he spent with the assistant county prosecutor, FBI agents, and other investigators in order to assist the State in building its case against codefendants and brothers, Mitchel Petti and Mark Petti.

{¶ 9} As the owners of Titles, Etc., Inc., the Petti brothers assisted Loewinger by deceiving the lenders to make it appear as if the buyer paid the required down payment toward the purchase of the property when the loan closed. The fake down payments were made in the form of official bank checks or transfers made payable to Titles, Etc., Inc., which was the entity responsible for closing the loans. They also assisted Loewinger by submitting different HUD documents to the lender when compared to the

information on the forms in the loan officer's file. They further assisted Loewinger by making kick-back payments to Loewinger's company, MJL Processing, Ltd., Inc., at the time of the real estate closing, for services never rendered, or inflated amounts of services were provided. The Petti brothers were both charged with 88 counts and both proceeded to a bench trial, at which Mitchel Petti was found guilty of 13 counts and Mark Petti was found not guilty of all counts. The trial court sentenced Mitchel Petti to three years of community control sanctions, with 20 weekends in jail.

{¶ 10} In the instant case, a review of the record reveals that the trial court was presented with ample evidence of Loewinger's cooperation and acceptance of responsibility. The prosecutor noted that Loewinger cooperated as a witness in the Petti brothers' trial and that Loewinger is expected to be called as a witness in future trials.

{¶ 11} Defense counsel then addressed the court by acknowledging the favorable points mentioned by the prosecutor. Counsel reiterated that Loewinger has taken full responsibility for his conduct. Counsel also stated that the lenders contributed to the harm to the community. Counsel noted that Loewinger is 62 years old, the offenses were nonviolent, Loewinger did not have a significant record, and Loewinger testified without any promise relating to his sentence. Counsel requested that Loewinger receive a sentence closer to the minimum, rather than the six years requested by the State. The trial court then acknowledged that Loewinger was the head of this criminal enterprise and by cooperating, Loewinger's cooperation "got rid of the most serious charge; mandatory time." The trial court sentenced him to six years in prison.

**{¶ 12}** Loewinger was faced with an 88-count indictment, with Count 1 carrying a mandatory ten-year prison sentence, plus one to five years on the remaining counts. Defense counsel was able to broker a plea agreement by which 63 counts were dismissed and the mandatory ten-year sentence was eliminated. This result cannot be considered deficient performance. See *State v. Holt*, Cuyahoga App. No. 94039, 2010-Ohio-5591, ¶40, citing *State v. Corbin*, 141 Ohio App.3d 381, 2001-Ohio-4140, 751 N.E.2d 505 (where this court found that defense counsel was not ineffective when counsel brokered a plea agreement by which 9 out of 12 counts were dismissed and the remaining counts were amended in appellant's favor.)

**{¶ 13}** Loewinger further argues defense counsel's ineffectiveness is evidenced by the disparity between his sentence (six years in prison) and Mitchel Petti's sentence (three years of community control sanctions, with 20 weekends in jail). This argument is unpersuasive because Mitchel Petti was sentenced after Loewinger. Thus, it was not feasible for defense counsel to argue for a lesser sentence based on Mitchel Petti's sentence when Loewinger was sentenced almost a month earlier.

**{¶ 14}** Based on the foregoing, we find that Loewinger has not established ineffective assistance of counsel. The record does not indicate that defense counsel failed in his essential duties or that his performance fell below an objective standard of reasonableness.

**{¶ 15}** Accordingly, the sole assignment of error is overruled.

Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

PATRICIA A. BLACKMON, J., and
LARRY A. JONES, J., CONCUR