[Cite as *State v. Jennings*, 2012-Ohio-4596.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98032**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# LOVELL JENNINGS

DEFENDANT-APPELLANT

## JUDGMENT:
## PLEAS VACATED;
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535507

**BEFORE:** Rocco, J., Boyle, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** October 4, 2012

**ATTORNEY FOR APPELLANT**

Thomas E. Conway
75 Public Square
Suite 700
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Erin Stone
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Lovell Jennings appeals from his convictions after he entered guilty pleas to two counts of drug trafficking with forfeiture specifications.

{¶2} Jennings presents one assignment of error. He asserts that the trial court failed to inform him accurately of the penalties involved, therefore, the court acted improperly in accepting his pleas.

{¶3} Because the state concedes Jennings's assertion, and because the record reflects it has merit, Jennings's assignment of error is sustained. His convictions in this case are reversed and vacated, and the case is remanded for further proceedings.

{¶4} Jennings originally was indicted in this case in June 2010 on six counts. He was charged with three counts of drug trafficking, two counts of drug possession, and one count of possession of criminal tools. All of the counts contained forfeiture specifications, and one count contained a juvenile specification.

{¶5} Five months later, in November 2010, the prosecutor informed the trial court that a plea agreement had been reached between the parties. The prosecutor set forth the terms of the agreement on the record.

{¶6} According to the prosecutor, in exchange for Jennings's guilty pleas to two amended counts of drug trafficking, the state would dismiss the remaining counts. Count 2, a fourth-degree felony, would be amended to delete the forfeiture specification. This count was "punishable by 6 to 18 months incarceration and/or a fine up to $5,000."

Count 4 would be amended to delete the juvenile specification, and was a second-degree felony. The prosecutor declared that, "[f]elonies of the second degree [were] punishable by two to four years and/or a fine up to $15,000."

**{¶7}** Defense counsel acknowledged that the prosecutor's outline of the agreement was "what [he] had discussed with Jennings." Defense counsel affirmed that Jennings would accept the state's offer.

**{¶8}** The trial court thereupon conducted a Crim.R. 11 colloquy with Jennings. After describing the constitutional rights Jennings would be relinquishing in entering his pleas, the trial court stated, in relevant part, that "Count 4 is a felony of the second degree. That is punishable by two to five years in the penitentiary"; that count also carried a mandatory fine.

**{¶9}** Jennings indicated he understood. The trial court accepted his pleas, dismissed the specifications as requested by the state, and ordered the preparation of a presentence report.

**{¶10}** When the trial court called Jennings's case for sentencing, the court decided to impose concurrent prison terms of 18 months on Count 2 and 7 years on Count 4. Jennings subsequently filed a request for a delayed appeal of his convictions that this court granted.

**{¶11}** Jennings presents the following assignment of error for review.

**I. The trial court erred when it accepted Appellant's guilty plea in Case Number CR 535507 in that said guilty plea was not made knowingly, voluntarily, or intelligently.**

{¶12} Jennings argues the trial court's failure to inform him accurately of the maximum penalty involved for a second-degree felony renders his plea invalid pursuant to Crim.R. 11(C). The state concedes Jennings's argument. Because the record reflects Jennings was not informed that a second-degree felony carried a potential prison sentence of two to eight years, his argument is persuasive.

{¶13} Prior to accepting a guilty plea, Crim.R. 11(C)(2) requires the trial court to "personally address" a defendant to ensure that "the defendant is making the plea with an understanding of the maximum penalty involved." *Id.*, ¶6. The requirement is met by "substantial compliance," which means that, under the totality of the circumstances, the defendant "subjectively understands the implications of his plea * * * ." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶14} The prosecutor stated that Jennings would enter a guilty plea to Count 4 as a felony of the second degree that carried a potential prison term of "two to four years." At the time of the plea hearing, however, second-degree felonies carried a potential mandatory prison sentence of two to eight years. Former R.C. 2925.03(C)(6)(d); R.C. 2929.14(A)(2).

{¶15} The trial court then compounded this error by informing Jennings during the colloquy that his potential prison sentence for this count ranged from "two to five years." *State v. Robinson*, 8th Dist. No. 85149, 2005-Ohio-2834, ¶ 41. In short, Jennings never received accurate information with respect to Count 4. *State v. Hollobaugh*, 5th Dist. No. 11-AP-0006, 2012-Ohio-2620.

**{¶16}** Nothing in the record, therefore, suggests that Jennings subjectively understood the implications of his plea to that count. *State v. Corbin*, 141 Ohio App.3d 381, 751 N.E.2d 505 (8th Dist. 2001). Moreover, because it remains unclear whether Jennings would have accepted the state's plea offer had he known that he faced a longer prison term, the totality of the circumstances indicate that the error that occurred had a "prejudicial effect." *Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977).

**{¶17}** Jennings's assignment of error, consequently, is sustained.

**{¶18}** Jennings's guilty pleas are vacated, his convictions are reversed, and this case is remanded for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
JAMES J. SWEENEY, J., CONCUR