JOURNAL ENTRY {¶ 1} The journal entry and opinion of this court in this case, released on October 16, 2003, contained an on page 3, paragraph two. In the third sentence, the number "25" is hereby corrected to read "50" as follows:
 {¶ 2} Thereupon, Edwards filed a motion to withdraw his guilty plea. After a hearing, the trial court denied that motion and sentenced him to 50 months incarceration. As of the date of sentencing, no restitution had been made to any of the victims in this case.
 {¶ 3} It is hereby ordered that said journal entry and opinion of October 26, 2003 be amended nunc pro tunc to correct the error on page three, paragraph two, third sentence, as stated above.
 {¶ 4} It is further ordered that, as so amended, said journal entry and opinion of October 16, 2003, shall stand in full force and effect in all its particulars.
 {¶ 5} The corrected entry is attached.
 JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
The appellant, Alfred Edwards, appeals his conviction and sentence by the Cuyahoga County Court of Common Pleas, Criminal Division. Upon our review of the arguments of the parties and the record presented, we affirm the conviction and sentence of the trial court for the reasons set forth below.
Edwards was a home builder operating in the Hough area. In 1996, he built two new homes. He and his development company, Triangle Development, were ultimately contracted to build 300 new homes as part of a revitalization project in the area. Edwards ran into trouble securing financing for the project and began to use the funds deposited by purchasers to cover his personal and business expenses. He began to issue bad checks to employees and subcontractors and was finally indicted on December 19, 2000 on numerous counts of theft.
After a series of continuances requested so that Edwards could make restitution to the victims of his crimes, he pleaded guilty to two counts of theft (felonies in the fourth degree), two counts of theft (felonies in the fifth degree) and two counts of attempted theft (misdemeanors in the first degree). The remaining counts against him were dismissed at that time.
His sentencing hearing was set for August 7, 2002. He failed to appear at the hearing and was taken into custody on August 21, 2002. During this time, he underwent a presentence investigation, which revealed that he tested positive for cocaine on June 24, 2002 and that he owed more than $75,000 in back child support.
Thereupon, Edwards filed a motion to withdraw his guilty plea. After a hearing, the trial court denied that motion and sentenced him to 50 months incarceration. As of the date of sentencing, no restitution had been made to any of the victims in this case.
Appellant presents three assignments of error for our review.
"I. The trial court abused its discretion by denying appellant's request to withdraw guilty plea prior to sentencing because the plea was not voluntary and was induced by promises made by the court."
The standard of review to be employed in this case is abuse of discretion. Abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Lambros (1988),44 Ohio App.3d 102, citing State v. Adams (1980), 62 Ohio St.2d 151,157. A motion to withdraw a guilty plea prior to sentencing is to be freely allowed and treated with liberality. State v.Peterseim (1980), 68 Ohio App.2d 211, 214, citing Barker v.United States (C.A. 10, 1978), 579 F.2d 1219, 1223; State v.Crayton (Sept. 4, 2003), Cuyahoga App. 81257. However, the decision to grant or deny such a motion is within the sound discretion of the trial court; a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing.State v. Xie (1992), 62 Ohio St.3d 521.
The factors to be considered in determining whether the trial court abused its discretion in denying a withdrawal motion are: (1) the competency of the accused's counsel; (2) whether the accused was offered a Crim.R. 11 hearing before entering the plea; (3) whether the accused is given a complete and impartial hearing on the motion to withdraw; and (4) whether the court gave full and fair consideration to the plea withdrawal request.State v. Peterseim, supra, at 214.
In the instant case, the appellant underwent a hearing pursuant to Crim.R. 11 prior to entering his plea. Crim.R. 11 requires that the trial court engage in the following inquiry where an individual charged with a felony seeks to enter a plea of guilty:
"(2) In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.
"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."
The Supreme Court of Ohio has established that a trial court, in accepting a plea of guilty, need only substantially comply with the mandates of Crim.R. 11(C). State v. Stewart (1977),51 Ohio St.2d 86, at 92. Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. State v. Nero (1990), 56 Ohio St.3d 106 citingStewart, supra; State v. Carter (1979), 60 Ohio St.2d 34, 38, certiorari denied (1980), 445 U.S. 963. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart, supra, at 93; Crim.R. 52(A). The test is whether the plea would have otherwise been made.Stewart, supra, at 108.
Appellant argues that, in pretrial discussions, the prosecutor and the court had indicated his was a probationable offense and that he was promised probation in return for his guilty plea. When addressed by the court, however, he did not indicate that he was promised anything in return for a guilty plea, or that the plea was otherwise coerced. During the plea hearing, the appellant was represented by extremely competent counsel. The trial court complied with Crim.R. 11 in accepting the appellant's plea, and there is no indication from the record that the plea was not knowingly, voluntarily or intelligently made.
Appellant's reliance on State v. Keefer (1998),128 Ohio App.3d 262 is also misplaced. There, the court, prosecutor and defense counsel all indicated to a defendant prior to his guilty plea that the offense to which he was pleading guilty was a probationable offense when, in fact, it was not. The Keefer
court held that the plea in that case was not knowingly made because the defendant was not informed of the correct legal ramifications of his guilty plea. The trial court in the instant case clearly informed the appellant of the possibility of prison time and substantially complied with all aspects of Crim.R. 11 in taking appellant's plea.
Once the motion to withdraw the plea was filed, the trial court held an extensive hearing, which included witness testimony and arguments from counsel, and the record indicates that full and fair consideration was given to the motion. At this hearing, appellant was represented by new, but equally competent, counsel. At the conclusion of this hearing, the court found there was no evidence that the plea made in the prior hearing was not voluntary, and the motion to withdraw the plea was denied. Moreover, the court pointed out that there were "intervening events" between the original plea hearing and sentencing which persuaded the trial court to impose a prison term, including the fact that the appellant failed to appear for his first sentencing date and the fact that he had tested positive for cocaine during his presentence investigation.
Based on our review of the record presented and the trial court's reasoning for denying said motion, we find no abuse of discretion, and this assignment of error is overruled.
"II. The trial court erred by not making findings in accordance with R.C. 2929.14 and not giving reasons as required by 2929.19
for appellant's consecutive sentences."
The imposition of consecutive sentences is governed by R.C.2929.14(E), which provides:
"(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
R.C. 2929.19(B) requires the trial court to explain its reasons for imposing consecutive sentences and provides in part:
"(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
"* * *
"(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code its reasons for imposing the consecutive sentences; * * *."
When a judge imposes consecutive terms of incarceration, but fails to comply with R.C. 2929.14(E)(4), there is reversible error. State v. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193, citing State v. Albert (1997), 124 Ohio App.3d 225. Thus, the court must make the three findings, as outlined above, before a defendant can be properly sentenced to consecutive terms.
Abuse of discretion is not the standard of review with respect to sentencing; instead, an appellate court must find error by clear and convincing evidence. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998), 126 Ohio App.3d 485, citing Cincinnati Bar Assoc. v. Massengale (1991),58 Ohio St.3d 121, 122. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements at the sentencing hearing and the presentence investigation report. R.C. 2953.08(F)(1)-(4).
In the instant case, the appellant was afforded a full sentencing hearing under R.C. 2929.19. Prior to sentencing, the court had an opportunity to hear from the appellant, his counsel, and the victims in the case and to review the presentence investigation report prepared by the probation department. The trial court found that prison was necessary to protect the public from future crime by the appellant and that the magnitude of the crime and the number of victims involved warranted a prison sentence. Therefore, we find that the sentence is supported by the record and is not contrary to law; therefore, appellant's second assignment of error is overruled.
"III. Trial Court erred in sentencing appellant to a prison term for felonies of the fourth and fifth degree since it failed to abide by the overriding principles of felony sentencing and any factors in R.C. 2929.13(a) and (b)(1) (A-I)."
The penalties for felonies of the fourth degree and felonies of the fifth degree are set forth in R.C. 2929.14 and 2929.21. R.C.2929.14 provides that fourth degree felonies are punishable by prison terms from six to eighteen months, while prison terms for fifth degree felonies may range from six to twelve months. The prison term for a misdemeanor of the first degree cannot exceed six months, pursuant to R.C. 2929.21.
In the instant case, appellant was sentenced to six months on each of two misdemeanor attempted theft charges, which terms were to run concurrent to all remaining counts. The trial court imposed a 15-month prison term for each of the fourth degree felony theft counts, which were to run consecutive to the ten-month prison terms imposed for each of the fifth degree felony theft counts. In total, appellant would be required to spend 25 months behind bars.
R.C. 2929.13(B)(2)(b) provides, in pertinent part: "Except as provided in division (E), (F), or (G) of this section, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender."
Appellant argues that this language mandated the trial court to sentence him to probation instead of prison time. We disagree. R.C. 2929.12 grants trial courts the discretion to "determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." As evidenced by the record, the trial court held the appropriate sentencing hearing pursuant to R.C. 2929.19, and considered all the factors laid out in R.C. 2929.11 through 2929.14, particularly those dealing with the seriousness of the offenses and the appellant's likelihood of recidivism. As discussed above, the trial court held an appropriate sentencing hearing and made the necessary findings under Senate Bill 2, and there exists no clear and convincing evidence to indicate that the sentence is contrary to the record or to applicable law. Thus, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Patricia A. Blackmon, P.J., and Anthony O. Calabrese, Jr., J., Concur.