JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Graham Washatka ("defendant") appeals from the sentence imposed by the trial court on August 27, 2003. For the reasons that follow, we vacate defendant's sentence and remand for resentencing.
 {¶ 2} Defendant and two others were indicted in a seven count indictment. Defendant was charged with possession of drugs, three counts of drug trafficking, possession of criminal tools, and vanadalism. Defendant pled guilty to one count of drug trafficking, a felony of the first degree, on July 14, 2003. On August 27, 2003, defendant appeared for sentencing. Defendant, aged 21 years, had no previous criminal record. The court imposed a five-year prison term with a term of post-release control. Defendant assigns one error for our review, which states:
 {¶ 3} "I. The trial court erred in sentencing the defendant-appellant to more than the minimum prison sentence when he had not previously served a prison term."
 {¶ 4} R.C. 2929.14(B) provides, in relevant part, as follows:
 {¶ 5} "(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 6} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 7} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 8} During the pendency of this appeal, the United States Supreme Court issued its decision in Blakely v. Washington
(June 24, 2004), No. 02-1632, 72 U.S.L.W. 4546. Since defendant has challenged his sentence claiming that it is contrary to law, we believe it is necessary to consider the effect of Blakely on defendant's sentence in this case.
 {¶ 9} In Blakely, the U.S. Supreme Court held that:
 {¶ 10} "Our precedents make clear, however, that the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. SeeRing, supra at 602, 153 L.Ed.2d 556, 122 S.Ct. 2428 ("`the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" [quoting Apprendi, supra at 483, 147 L.Ed.2d 435, 120 S.Ct. 2348]); Harris v. UnitedStates, 536 U.S. 545, 563, 153 L.Ed.2d 524, 122 S.Ct. 2406
(2002) (plurality opinion) (same); cf. Apprendi, supra at 488,147 L.Ed.2d 435, 120 S.Ct. 2348 (facts admitted by the defendant). In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts `which the law makes essential to the punishment,'Bishop, supra § 87, at 55, and the judge exceeds his proper authority." Id.
 {¶ 11} Under Blakely, the maximum sentence that the law allows the court to impose on offenders who have not served prison time is the shortest term. Ibid. In order to deviate from the shortest term, the court would have to make findings of fact that were neither determined by a jury nor agreed to by the defendant, namely that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B)(2). Defendant did not stipulate to the findings or otherwise waive his constitutional right to have these facts determined by a jury. Therefore, defendant's sole assignment of error is sustained.
 {¶ 12} Even if the trial court should determine thatBlakely has no effect on Ohio's sentencing law, we find that the record does not clearly and convincingly support the sentence the court imposed.
 {¶ 13} The trial court need not give its reasons for imposing more than the minimum authorized sentence. State v. Comer,99 Ohio St.3d 464, 2003-Ohio-4165. However, the statutory findings the court is required to make must be clearly and convincingly supported by the record. R.C. 2953.08(G).
 {¶ 14} The trial court stated its belief that the minimum sentence would demean the seriousness of the offense. The trial court felt defendant displayed a "pattern of drug abuse that's related to this offense" and that he "failed to respond favorably to * * * a Court sanction which allowed him to participate with the cooperation of the police department." The facts of the instant offense do not in and of themselves display a pattern of drug abuse. Nor was the defendant's agreement to cooperate with police in between his plea and sentence a "court imposed sanction." In any case, the record shows that defendant did cooperate with police even though the information he provided did not result in any arrests.
 {¶ 15} The trial court found it hard to believe that defendant has not had any criminal involvement in the past. Nonetheless, the record shows that defendant has no criminal history whatsoever. Further, the trial court said it considered the "sophisticated manner in which [defendant] operated" when it considered the lack of a criminal history. Defendant was attending a concert in Cleveland when he was arrested in a hotel room from which chocolates containing "psychedelic mushrooms" were seized. This is not indicative of a sophisticated drug trafficking operation that would justify deviating from the minimum sentence. Lastly, the trial court found that defendant lacked remorse despite defendant's expression of remorse on the record. Defendant said he realized he made a "big mistake"; that he had led a law-abiding life previously and has turned around his life since his arrest. Defendant's family traveled to Cleveland to attend sentencing and defendant claims he has learned a hard lesson from this experience. The record does not clearly and convincingly support the trial court's findings and, therefore, the trial court should not have imposed more than the minimum sentence.
 {¶ 16} Defendant's sole assignment of error is sustained.
 {¶ 17} Sentence vacated; case remanded for resentencing.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., CONCURS (See attached concurringopinion)
 MICHAEL J. CORRIGAN, A.J., DISSENTS (See attached dissentingopinion)