JOURNAL ENTRY and OPINION
{¶ 1} After entering pleas of no contest to seven counts that charged him with significant violations of drug law, defendantappellant Donald Robinson appeals from the trial court's denial of his motion to suppress evidence, from its acceptance of his pleas, and from the sentences it ultimately imposed upon him.
 {¶ 2} Appellant claims the stop of his vehicle was improper as based upon a mere "pretext." Appellant further claims his pleas improperly were accepted since the trial court failed fully to comply with the requirements of Crim.R. 11 during his plea hearing. Finally, appellant claims the trial court violated the United States Supreme Court's decision in Blakely v. Washington (2004), ___ U.S. ___, 124 S.Ct. 2531 in sentencing him, and that the trial court additionally failed to comply with Ohio law by imposing a maximum sentence without making the necessary statutory findings and reasons.
 {¶ 3} Following a review of the record, this court cannot agree the trial court committed error in denying appellant's motion to suppress evidence. However, the record demonstrates the trial court failed to comply with Crim.R. 11 and, thus, erred in accepting appellant's no contest pleas. Under these circumstances, appellant's challenge of his sentence is moot. Appellant's pleas are vacated, and this case is remanded for further proceedings.
 {¶ 4} The record reflects appellant's convictions result from an ongoing investigation conducted by some of the local participants in the federal government's High Intensity Drug Trafficking Area task force. One task force participant, Brook Park Detective Michael Tornabene, received a "tip" from a confidential informant ("CI") on January 7, 2004.
 {¶ 5} According to Tornabene's testimony at the hearing on appellant's motion to suppress evidence, the CI informed him appellant was involved in selling narcotics in Brook Park. Tornabene obtained additional information about appellant, contacted a Cleveland Police Department colleague, and arranged to have appellant followed from his residence. Appellant's address at 2790 East 120th Street in Cleveland had been listed on his Ohio driver's license.
 {¶ 6} Tornabene's colleague tailed appellant's vehicle to the western edge of Cleveland, then informed him it was nearing Brook Park before Tornabene took over. Tornabene followed appellant as he drove onto Brookpark Road. During the journey, Tornabene noticed that appellant changed lanes without signaling, and that the bracket which surrounded his rear license plate partially obscured a required state sticker.
 {¶ 7} Tornabene radioed the information to Brook Park officers traveling in a marked cruiser. Soon thereafter, the officers stopped appellant and issued a citation for violation of R.C. 4503.21, Improper display of a validation sticker.
 {¶ 8} While appellant was stopped, the officers radioed a request for a drug-sniffing K-9 unit. The dog arrived within a few minutes, and indicated the presence of drugs in appellant's vehicle; appellant was found to have approximately 100 grams of powdered cocaine in the vehicle with him. At that point, appellant was arrested for possession of drugs.
 {¶ 9} Tornabene and another detective questioned appellant after he had been taken to the police station. Appellant signed a waiver of his rights and agreed to give an oral statement about his drug-related activities, and additionally signed a consent form that permitted a search of his East 120th address. Upon their entry into the house, appellant directed the police officers to his cache; as a result, the officers seized large amounts of marijuana, crack cocaine, and powdered cocaine that had been packaged for sale.
 {¶ 10} Appellant subsequently was indicted on seven counts as follows: 1) possession of crack cocaine in an amount exceeding 100 grams; 2) trafficking in crack cocaine in an amount exceeding 100 grams; 3) possession of cocaine in an amount between 100 and 500 grams; 4) trafficking in cocaine in an amount between 100 and 500 grams; 5) possession of marijuana in an amount between 200 and 1000 grams; 6) trafficking in an amount between 200 and 1000 grams; and, 7) possession of criminal tools. The first six counts each contained a major drug offender ("MDO") specification.
 {¶ 11} Appellant entered a plea of not guilty to the indictment and retained counsel to represent him. Defense counsel eventually filed a motion to suppress evidence.
 {¶ 12} On the date set for trial, the court held a hearing on appellant's motion. The prosecutor presented the testimony of Tornabene, and also introduced into evidence appellant's signed waivers of his rights along with the laboratory report concerning the amount of drugs found. Defense counsel introduced into evidence appellant's traffic ticket and a photograph of his vehicle's rear license plate. The trial court then denied appellant's motion.
 {¶ 13} Immediately thereafter, defense counsel notified the court appellant wished to change his pleas to pleas of no contest. The trial court informed appellant of the constitutional rights he would be relinquishing upon entering the plea before directing the prosecutor to outline the potential penalties involved.
 {¶ 14} The prosecutor stated for the record that the first count was a "felony of the first degree," which carried "a mandatory prison time of three to ten years." He further stated, "there is a major drug offender specification * * * which also call[ed] for a mandatory additional ten years for that violation * * *." The second count also carried "three to ten years of imprisonment. Mandatory with the additional ten year major drug offender specification."
 {¶ 15} As to the third and fourth counts, the prosecutor noted they were felonies of the second degree, "punishable by two to eight years of imprisonment. Both of them actually are mandatory * * *." The prosecutor indicated that count five was "a felony of the fifth-degree, punishable by six to twelve months in prison."
 {¶ 16} At that point, the trial court spoke, informing appellant that the first-degree felonies each were "punishable from three to ten years," that the MDO specification "mean[t] that [he] must be sentenced to prison on these cases," and that the second degree felonies carried terms of imprisonment of two to eight years, along with mandatory fines, suspensions, and post-release control.
 {¶ 17} The prosecutor interrupted to remind the court that appellant also would be pleading guilty in counts six and seven to both a fourth-degree felony and another fifth-degree felony. He set forth the potential penalties on these counts, and indicated the state would seek forfeiture of appellant's money and his vehicle.
 {¶ 18} The trial court repeated these statements for appellant, then asked him how he pleaded to the charges. Appellant responded, "No contest." After receiving a short statement of the factual basis for the charges, the trial court once again addressed appellant.
 {¶ 19} The court stated it had "neglected to tell [him] that as amajor drug offender, the Court could impose an additional one to tenyears, which would be optional with the Court if [the] basic term is inadequate to punish [him], or demean[s] the seriousness of the offense for a major drug offender." (Emphasis added.) The court went on to state, "That means on both of your specifications, [he was] at risk for an additional ten years past [his] initial sentence of two to ten." (Emphasis added.)
 {¶ 20} Appellant indicated he understood what the court had said. The trial court thereupon found appellant "guilty" and indicated it would accept his "pleas of guilt."
 {¶ 21} Defense counsel prompted, "Pleas of no contest, your Honor." The court agreed, "Pleas of no contest," again stated that appellant's pleas were accepted, and stated further that upon the recitation of facts the court found appellant guilty. Before concluding the proceedings, the trial court granted defense counsel's request for a referral of appellant to the probation department for a presentence investigation and report.
 {¶ 22} Appellant's sentencing hearing took place a month later. The trial court ultimately sentenced appellant to a prison term that totaled twenty years, i.e., ten years of concurrent terms on the underlying charges, along with an additional ten years on the specification.
 {¶ 23} Appellant filed a timely appeal and presents the following five assignments of error for review.
 {¶ 24} "I. The trial court erred in accepting appellant's plea (sic) of guilty (sic) as it was not entered knowingly, intelligently, and voluntarily.
 {¶ 25} "II. The trial court erred by imposing an additional prison term of ten years on the major drug offender specification.
 {¶ 26} "III. The sentence imposed by the trial court violates appellant's Sixth Amendment right to trial by jury.
 {¶ 27} "IV. Appellant's sentence is contrary to law because the trial court failed to place on the record the findings and reasons required to lawfully impose maximum sentences under O.R.C. 2929.14(C).
 {¶ 28} "V. The trial court committed reversible error in denying appellant's motion to suppress evidence."
 {¶ 29} For purposes of logic and convenience, this court first will address appellant's fifth assignment of error. In it, he argues the trial court's denial of his motion to suppress evidence was improper because the traffic stop was merely a pretext for the subsequent search of his vehicle, and because his detention during the stop was prolonged. The record, however, does not support appellant's argument.
 {¶ 30} Tornabene testified appellant's license plate validation sticker partially was obscured, constituting a violation of R.C. 4503.21. Since that statute prohibits any obstruction of "visibility" of a license plate, appellant was committing a traffic violation.
 {¶ 31} As stated by this court in State v. Custer (July 12, 2001), Cuyahoga App. No. 78335, "Both the U.S. and the Ohio Supreme Courts have recognized that the police may stop a suspect when they observe a traffic violation, regardless of what their real motivation may have been for the stop." (Citations omitted.) See also, State v. Keller (Jan.14, 2000), Montgomery App. No. 17896.
 {¶ 32} Moreover, Tornabene testified that the canine unit arrived within approximately five minutes of the stop of appellant's vehicle. This amount of time does not constitute an unreasonable detention. Statev. Hudson, Miami App. No. 2003-CA-39, 2004-Ohio-3140; cf., State v.Robinette, 80 Ohio St.3d 234, 1997-Ohio-343.
 {¶ 33} Finally, it has been held that a canine "sniff" is not so intrusive as to be a search within the meaning of the Fourth Amendment so long as the sniff occurs in a place where the officers have a right to be. State v. Ray, Medina App. No. 03CA0062, 2004-Ohio-3412.
 {¶ 34} For these reasons, the trial court did not err in denying appellant's motion to suppress evidence. Appellant's fifth assignment of error, accordingly, is overruled.
 {¶ 35} Appellant's first assignment of error logically is the next one this court must address.
 {¶ 36} In it, appellant asserts his plea was invalid because the trial court failed adequately to explain the maximum penalties involved for the offenses of drug possession and drug trafficking with major drug offender specifications.
 {¶ 37} A perusal of appellee's brief demonstrates the state acknowledges on page 6-7 the trial court "fail[ed] to directly inform [appellant] of the possible minimum sentence of ten years that Appellant faced by pleading no contest." (Emphasis added.)
 {¶ 38} Since a perusal of the transcript of appellant's plea hearing further demonstrates the trial court failed to inform appellant directly of the maximum definite sentence he faced, appellant's first assignment of error is sustained.
 {¶ 39} Crim.R. 11(C)(2) provides in pertinent part as follows:
RULE 11. Pleas, Rights Upon Plea
* * *
Pleas of guilty and no contest in felony cases.
* * *
In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contestwithout first addressing the defendant personally and doing all of the following: Determining that he is making the plea voluntarily, withunderstanding of the nature of the charge and of the maximum penaltyinvolved, and, if applicable, that he is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
(Emphasis added.)
 {¶ 40} The supreme court has stated there must be "substantial compliance" with the requirements of Crim.R. 11(C). State v. Nero
(1990), 56 Ohio St.3d 106. The Nero court defined that term thusly:
Substantial compliance means that under the totality of thecircumstances the defendant subjectively understands the implications ofhis plea and the rights he is waiving. Stewart [(1977) 51 Ohio St.2d 86]; State v. Carter (1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199, 201, 498 N.E.2d 757, 760, certiorari denied (1980), 445 U.S. 953. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart, supra, at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167; Crim.R. 52(A). The test is whether the plea would have otherwise been made. Id.
 Id. at 108. (Emphasis added.)
 {¶ 41} A defendant hardly can be expected subjectively to understand the consequences of his plea when the trial court imparts confusing information. It is axiomatic that a defendant must know the maximum penalty involved before the trial court may accept his plea. State v.Wilson (1978), 55 Ohio App.2d 64; State v. Gibson (1986),34 Ohio App.3d 146.
 {¶ 42} Upon a determination that a defendant qualifies as a "major drug offender," R.C. 2925.11(C) mandates the imposition of the maximum penalty for the underlying felony. A felony of the first degree has a maximum penalty of ten years. R.C. 2929.14(A)(1). The defendant's classification as a major drug offender, in turn, vests the trial court with the discretion to impose an additional prison term for the specification. See, State v. Elkins, 148 Ohio App.3d 370, 2002-Ohio-2914, ¶ 21.
 {¶ 43} In this case, the prosecutor confused the foregoing statutory prescriptions by stating that on count one, the MDO specification carried a "mandatory additional ten years" over and above the three to ten years for a first degree felony. His outline of the maximum penalties involved for the remaining offenses, furthermore, was both abbreviated and incomplete.
 {¶ 44} The trial court added to the problem by failing to fulfill its own responsibility to inform appellant of the maximum penalties involved. During its colloquy with appellant, the court stated only that the MDO specification meant appellant "must be sentenced to prison on these cases," without further explanation. The colloquy was interrupted when the prosecutor noted he had forgotten to address counts six and seven; thereafter, the trial court did not return to a discussion of the effect of the specification.
 {¶ 45} Moreover, before the trial court accepted appellant's pleas, it indicated the MDO specification permitted it to sentence appellant to "an additional one to ten years" at its "option." From the confusing information thus imparted, appellant could have received the mistaken impression that the imposition of the ten-year term for the underlying felony was discretionary with the court instead of mandatory, and that he might receive an additional few years for the specification.
 {¶ 46} In light of the numerous charges against him, had appellant been informed without equivocation that the maximum penalty involved on only count one was a mandatory prison term of twenty years, he might have declined to enter his pleas. State v. Walker (Jan. 20, 1994), Cuyahoga App. No. 63437; State v. Myers (Oct. 13, 1994), Cuyahoga App. No. 66916; see, also, the concurring opinion in State v. Washatka, Cuyahoga App. No. 83679, 2004-Ohio-5384.
 {¶ 47} The record, therefore, reveals the trial court did not substantially comply with the requirements of Crim.R. 11(C). Since the trial court did not adequately explain to appellant the full potential consequences of his plea, his plea was invalid. State v. Corbin (2001),141 Ohio App.3d 381; State v. Windle, Hocking App. No. 03CA16,2004-Ohio-6827.
 {¶ 48} The only appropriate remedy is to vacate appellant's plea and to remand this case. State v. Caplinger (1995), 105 Ohio App.3d 567;State v. Calvillo (1991), 76 Ohio App.3d 714; State v. Barrett (Dec. 5, 1996), Cuyahoga App. Nos. 70038-70041; State v. Myers, supra; Statev. Jones (Sept. 22, 1994), Cuyahoga App. No. 65160; State v. Walker,
supra.
 {¶ 49} Under these circumstances, appellant's remaining assignments of error, which challenge his sentence, are moot. App.R. 12(A)(1)(c).
 {¶ 50} Although the trial court's order that denied appellant's motion to suppress is affirmed, appellant's pleas are vacated. This case is remanded for further proceedings in accordance with this opinion.
It is ordered that appellant recover of appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's pleas having been vacated, appellant's incarceration must be reevaluated. Case remanded to the trial court for further proceedings.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J. and Gallagher, J. concur.