{¶ 12} I concur with the majority opinion but write primarily to discuss an argument ignored in that opinion.
 {¶ 13} In its sole assignment of error, appellant makes two arguments: that the sentence in this case violates the Sixth Amendment, as interpreted recently by the U.S. Supreme Court inBlakely, ante. I agree with the majority opinion that this court's recent decision in Atkins-Boozer rejected the general argument and therefore concur in overruling this part of the assigned error. I separately note, however, that I follow this court's earlier decision only reluctantly because I believe the en banc procedure this court used is unconstitutional and dissented for that reason, as well as on the merits of the case.[1] Appellant has also articulated a second argument as an assigned error: that "appellant's sentence * * * is otherwise contrary to law." The majority correctly observes that the trial court explained that its sentence of more than the minimum was based, in part, on "the seriousness of the offense." Appellant argues that, although the court mentions numerous details when it explained the basis for the sentence, the court never provided any details relevant to this specific finding. The majority properly responded to this argument when it observed that the trial court is not required to provide such details.
 {¶ 14} However, appellant further argues that the record does not support such a finding. In State v. Washatka, Cuyahoga App. No. 83679, 2004-Ohio-5384, discretionary appeal allowed, reserved by State v. Washatka, 105 Ohio St.3d 1451, 2005-Ohio-763, 823 N.E.2d 456, which appellant cites, this court held that, pursuant to R.C. 2953.08(G) although "the trial court need not give its reasons for imposing more than the minimum authorized sentence," "the statutory findings the court is required to make must be clearly and convincingly supported by the record." At ¶¶ 12-15.
 {¶ 15} I agree that the record does not support the specific finding that more than the minimum is needed because of the seriousness of the offense. The trial court digresses at length on defendant's statement, contained in his Pre-sentence Report, that he drank a gallon of Jack Daniels and 12 beers daily. The trial court then speculated that defendant must have engaged in theft to fund such consumption. Because this discussion is solely speculative and rhetorical, it is never made clearly relevant to the required findings, nor have I been able to divine its relevance.
 {¶ 16} The trial court also mentions, moreover, that the victim stated she feared for her life because defendant had threatened her. This threat, however, is the subject of another case. To give more than the minimum requires clear and convincing evidence that "the shortest prison term will demean the seriousness of the offender's conduct." R.C. 2929.14 (B)(2). This finding is limited to the offender's conduct in the case for which defendant is being sentenced. Presumably, defendant will be sufficiently punished for any conduct of which he is found guilty in any other cases. Judge Brogan provided a list of reasons that "have absolutely nothing to do with the relative seriousness of [defendant's] conduct" in a case of child endangerment: "prior convictions, parole violations, lack of remorse, general danger to society, relatively short period of time out of prison, failure to follow prior court orders, and failure to lead a law-abiding life as an adult." State v. Simons, C.A. Case No. 2003-CA-29, 2004-Ohio-6061, 2004 Ohio App. LEXIS 5512, appeal denied.
 {¶ 17} To justify more than the minimum, the sentencing statute permits, however, an alternative finding: "that the shortest prison term will * * * not adequately protect the public from future crime by the offender or others." The trial court made this finding and pointed to defendant's record in support: specifically, his conviction of menacing another girlfriend. This detail, along with the claim in the Pre-Sentence Report that he "stalked" his victim and his statement, if believed, of substantial alcohol consumption daily — an amount that would muddle any mind, suggests the likelihood of future crime. Thus the record does support the findings necessary for a sentence above the minimum.
 {¶ 18} I note, however, that sentencing hearings would be more effective if trial judges would follow the precise language of the statute and not engage in sarcastic digressions.
[1] See State v. Weber, 2005 Ohio 4854, for the First District's comprehensive analysis of this question.