JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Graham Washatka, appeals his sentence for drug trafficking. After a thorough review of the arguments and for the reasons set forth below, we modify the appellant's sentence.
 {¶ 2} The event that gave rise to the charges against appellant occurred on November 29, 2002. On that evening, Solon police officers responded to a noise complaint at the Homewood Suites hotel, located in the city of Solon. When police arrived at the hotel, they discovered that appellant had rented two rooms in his name and was housing twenty people and three dogs between the two rooms. After conducting a search of each room, police seized a total of 162 chocolate-covered hallucinogenic mushrooms. Appellant was arrested and charged with drug trafficking.
 {¶ 3} On July 14, 2003, appellant entered a guilty plea to one count of drug trafficking, in violation of R.C. 2925.03, a felony in the first degree. On August 27, 2003, he was sentenced to a five-year term of incarceration and was ordered to pay a $10,000 fine. After he was sentenced, he filed an appeal with this court.
 {¶ 4} On October 7, 2004, this court vacated his sentence and remanded the case to the trial court for resentencing, holding that the trial court had failed to adequately support its findings in imposing more than the minimum sentence.[1] At sentencing, the trial court had stated on the record that the appellant's behavior demonstrated a pattern of drug abuse, and it was difficult to believe that he did not have a criminal history. In addition, the trial court found that the appellant's actions constituted a sophisticated drug operation, and he did not exhibit remorse for his actions.
 {¶ 5} In our decision, we countered the findings of the trial court when we found that the facts of the case did not support the notion that the appellant was involved in a pattern of drug abuse. In addition, we found that the appellant's record clearly indicated that he did not have a previous criminal history. We further found that the circumstances surrounding the appellant's arrest were not indicative of a sophisticated drug operation, and the appellant's statements at sentencing demonstrated that he was very remorseful for his actions and was committed to turning his life around.
 {¶ 6} At the conclusion of the Opinion, this court remanded the appellant's case to the trial court for resentencing and stated: "The record does not clearly and convincingly support the trial court's findings and, therefore, the trial court should not have imposed more than the minimum sentence."
 {¶ 7} On November 23, 2004, following this court's ruling remanding the appellant's case, the prosecution filed a memorandum in support of jurisdiction with the Ohio Supreme Court and requested that the Supreme Court stay the Court of Appeals' judgment. On December 28, 2004, the Supreme Court denied that motion.
 {¶ 8} Pursuant to this court's ruling, the trial court scheduled the appellant's resentencing for May 23, 2005. On that day, the appellant was present in court for resentencing; however, the trial court stated that the opinion issued by this court was confusing and therefore ordered a second presentence investigation. As a result, the appellant's resentencing hearing was rescheduled to June 22, 2005. On June 22, 2005, the trial court again sentenced the appellant to five years of incarceration and ordered him to pay a $10,000 fine. The trial court justified imposing the same sentence when it expressed that, on the evening of his arrest, the appellant had engaged in a sophisticated pattern of behavior, and his actions constituted organized criminal activity. During the resentencing hearing, the appellant's counsel requested that the appellant receive the minimum sentence of three years, as provided in this court's opinion; however, the trial court persisted in sentencing him to a five-year term.
 {¶ 9} On March 2, 2005, the Ohio Supreme Court accepted the prosecution's appeal of our decision involving appellant's initial sentence. On October 11, 2005, while his case was pending before the Ohio Supreme Court, the appellant filed this appeal from his resentencing. On May 3, 2006, the Ohio Supreme Court found in favor of the appellant and affirmed this court's previous ruling, in which we stated that appellant should not receive more than the minimum sentence.
 {¶ 10} Appellant brings this appeal, asserting one assignment of error for our review:
 {¶ 11} "I. The trial court erred in sentencing the defendant-appellant to more than the minimum prison sentence when he had not previously served a prison term."
 {¶ 12} Appellant argues that the trial court erred when it sentenced him to a term of incarceration greater than the statutory minimum. More specifically, he asserts that the trial court did not make the proper findings, as mandated by R.C.2929.14(B). Appellant contends that the trial court failed to support its conclusion that the minimum sentence would demean the seriousness of the offense and would fail to adequately protect the public. In addition, it also failed to show that he had previously served a prison term or was serving a term at the time of the offense.
 {¶ 13} On May 3, 2006, the Ohio Supreme Court affirmed our previous ruling that the appellant should not be sentenced to more than the minimum term of three years incarceration. Prior to the Supreme Court's decision in appellant's case, it issued the influential decision State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, which set a new precedent for appeals concerning sentencing issues. In Foster, the Court found several sections of the Ohio Revised Code unconstitutional, including R.C.2929.14(E)(4), 2929.41(A)-(C), and 2929.19(B)(2), which are at issue in this appeal, and severed the offending portions from the statutes. As a result, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing maximum, consecutive, or more than the minimum sentences.Foster, supra.
 {¶ 14} Under ordinary circumstances, we would remand the appellant's case to the trial court for resentencing consistent with the Foster decision; however, the Supreme Court affirmed our decision in the appellant's case after Foster was released. Thus, the Supreme Court's affirmance is consistent with its holding in Foster, alleviating the need to remand the appellant's case to the trial court for another resentencing.
 {¶ 15} In light of the Supreme Court's affirmation of this court's previous decision, we modify the appellant's sentence to the minimum term of three years, as we stated in our earlier opinion.
Sentence modified.
The sentence in this case is modified.
It is ordered that appellant recover of appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. Case remanded to the trial court for modification of sentence. The trial court is hereby directed to vacate its prior sentencing order journalized June 28, 2005 and issue a journal entry consistent with this opinion. The trial court is further directed to take all necessary administrative steps to inform the prison system of appellant's modified sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Colleen Conway Cooney, J., concurs; Ann Dyke, A.J., concurs injudgment only.
[1] See Journal Entry and Opinion, State v. Washatka,
Cuyahoga App. No. 83679, 2004-Ohio-5384.