OPINION
{¶ 1} Defendant-appellant, Kyle R. McGeorge, appeals his conviction from the Warren County Court of Common Pleas for OVI, driving under a suspended license, having an open container in a moving motor vehicle, and violating brake light regulations.
 {¶ 2} On July 8, 2006, Officer Charles Roelker noticed appellant's vehicle had an exposed brake light and stopped appellant pursuant to R.C. 4513.071, which requires vehicles to be equipped with two or more stop lights that emit a red light visible from a *Page 2 
distance of 500 feet. While explaining to appellant the reason he stopped the car, the officer noticed a cup containing beer in the vehicle's center console. At that point, the officer asked appellant to step out of the car, obtained his driver's license, and learned that his license had been suspended.
 {¶ 3} Appellant consented to a search of the vehicle, a portable breath test, and the administration of three field sobriety tests. Officer Roelker found a 24-pack of beer in the car, with two cans missing, and appellant indicated clues on all three field sobriety tests. After appellant was arrested and transported to the jail, he consented to a breathalyzer test and reported a .116 BAC level on the test.
 {¶ 4} Appellant filed a motion to suppress arguing that the police officer lacked reasonable suspicion at the time he made the initial stop. Specifically, appellant asserted that his vehicle was equipped with four stop lights and only one of the four had a broken lens that emitted a white light. The remaining three lights each emitted a red light, which comports with R.C. 4513.071. Therefore, appellant argued, because there was no violation of law, the officer lacked reasonable suspicion to effectuate the stop, and evidence obtained from the stop and subsequent arrest should be suppressed.
 {¶ 5} After the trial court denied appellant's motion to suppress, appellant pleaded no contest to the charges and was found guilty by the trial court. Appellant timely appealed, asserting the following assignment of error:
 {¶ 6} "THE TRIAL COURT COMMITTED ERROR AS A MATTER OF FACT AND AS A MATTER OF LAW IN DENYING/OVERRULING APPELLANT'S/DEFENDANT'S MOTION TO SUPPRESS."
 {¶ 7} Appellate review of a motion to suppress presents a mixed question of law and fact. State v. Burnside, 100 Ohio St.3d 152,2003-Ohio-5372, at ¶ 8. When considering a motion to suppress, the trial court, as the trier of fact, is in the best position to resolve factual *Page 3 
questions and evaluate the credibility of witnesses. State v. Mills
(1992), 62 Ohio St.3d 357, 366. Consequently, we must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Fanning (1982), 1 Ohio St.3d 19. Relying on the trial court's factual findings, we then must review de novo whether the trial court has applied the appropriate legal standard. State v. McNamara
(1997), 124 Ohio App.3d 706.
 {¶ 8} Appellant argues that the police officer lacked the requisite reasonable suspicion to stop appellant and that the trial court erred when it found that the police officer had probable cause to stop him. As this court has previously explained, two different types of "traffic" stops are recognized in Ohio, and each has a different, applicable constitutional standard. State v. Cochran, Preble App. No. CA2006-10-023; 2007-Ohio-3353, ¶ 13, citations omitted. An investigatory stop allows an officer to briefly stop and detain an individual, without an arrest warrant and without probable cause, in order to investigate a reasonable and articulable suspicion of criminal activity. Id., citations omitted.
 {¶ 9} A noninvestigatory stop, on the other hand, is reasonable under the Fourth Amendment where an officer has probable cause to believe a traffic violation has occurred. Dayton v. Erickson, 76 Ohio St.3d, 3,11, 1996-Ohio-431. Probable cause exists when an objectively reasonable police officer would believe that appellant's conduct constituted a traffic violation, based on the totality of the circumstances known to the officer at the time of the stop. Bowling Green v. Godwin,110 Ohio St.3d 58, 2006-Ohio-3563, ¶ 16. The focus, therefore, is not on whether an officer could have stopped appellant because a traffic violation had in fact occurred, but on whether the arresting officer had probable cause to believe that a violation had occurred. Id.; State v.Moeller (Oct. 23, 2000), Butler App. No. CA99-07-128, at 6; State v.Pfeiffer, Butler App. No. CA2003-12-329, 2004-Ohio-4981, ¶ 25; State v.Burton, Butler App. No. CA2005-12-258, 2006-Ohio-4048, ¶ 7; State v.Walters, Warren App. No. CA2004-04-043, 2005-Ohio-418, ¶ 10. *Page 4 
 {¶ 10} In this case, Officer Roelker testified at the suppression hearing that he observed appellant's vehicle prior to the stop and noticed that it "had a broken brake light on the passenger side," making the light bulb visible. On cross-examination, when confronted with evidence that the vehicle was equipped with four brake lights, the police officer testified that from his recollection, he believed "that there were only two [brake lights], a left and a right side." Based on the facts available to the officer at the time, we find that he had probable cause to believe that appellant was committing a traffic violation, as he observed what he thought was a vehicle with one of two brake lights broken, in violation of R.C. 4513.071.
 {¶ 11} In addition, when Officer Roelker approached appellant in the vehicle to explain the reason for the stop, noticed a cup of beer in the center console, and learned of appellant's license suspension, he had sufficient reasonable suspicion of criminal activity to justify further inquiry unrelated to the broken brake light. See State v.Robinette, 80 Ohio St.3d 234, 1997-Ohio-343, paragraph one of the syllabus.
 {¶ 12} We therefore find that the trial court did not err in overruling appellant's motion to suppress. Appellant's sole assignment of error is overruled.
 {¶ 13} Judgment affirmed.
 YOUNG, P.J., and POWELL, J., concur. *Page 1