OPINION
{¶ 1} Appellant, Kevin M. Gullick ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Municipal Court convicting him of failing to comply with the order or signal of a police officer and driving under a financial responsibility suspension. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} On November 28, 2005, Officer Jane Bogenschutz and Officer Frank Hetterscheidt of the Columbus Police Department were patrolling on Napoleon Avenue in Columbus. The officers saw a vehicle with the rear license plate covered by a dark plastic plate cover. Officer Bogenschutz believed the dark plastic covering over the license plate constituted a traffic violation for driving with an obscured license plate, and initiated a traffic stop on that basis. Officer Bogenschutz testified that, prior to initiating the stop, the officers were able to read the license plate number to run a computer check on the number.
 {¶ 3} Officer Bogenschutz approached the driver's side of the vehicle, and observed four individuals inside the vehicle. She then asked appellant, who was driving the vehicle, to roll down his window. Appellant stared straight ahead, and refused to roll down the window. Appellant then drove off at a high rate of speed, and a pursuit ensued.
 {¶ 4} Officers Bogenschutz and Hetterscheidt found the vehicle in a parking lot, and observed appellant and two female passengers fleeing the scene. A male passenger standing next to the passenger side of the vehicle was detained. Appellant was apprehended after he was spotted running a short distance from where the vehicle was found. Officer Bogenschutz positively identified appellant as the driver of the vehicle. A computer check showed that at the time of the stop, appellant's license was suspended.
 {¶ 5} Appellant was charged with failing to comply with the order of a police officer, driving under suspension, and driving with obscured license plates. The case proceeded to a jury trial, at which defense counsel challenged the identification of appellant as the driver. At the conclusion of the trial, the jury convicted appellant of failing *Page 3 
to comply with the order of a police officer and driving under suspension. The court found appellant not guilty on the charge of driving with an obscured license plate.
 {¶ 6} Appellant filed this appeal, alleging a single assignment of error:
 The failure of Appellant's trial counsel to file a motion to suppress evidence constituted ineffective assistance, thereby depriving Appellant of his rights as guaranteed by the Sixth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 7} Appellant argues that his trial counsel was ineffective in failing to file a motion to suppress challenging the propriety of the traffic stop. Appellant argues that the evidence offered at trial showed that appellant was not driving with an obscured license plate, and therefore the officers had no reasonable suspicion to conduct the traffic stop.
 {¶ 8} In order to prevail on a claim of ineffective assistance of counsel, appellant must show that his counsel's performance fell below an objective standard of reasonableness, and that he suffered prejudice as a result. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. The Court in Strickland recognized that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Id. at 689. In analyzing claims of ineffective assistance of counsel, courts have applied a two-part test where "[t]he defendant must show: (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) resulting prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." State v. Sapp,105 Ohio St.3d 104, 115-116, 2004-Ohio-7008 at ¶ 76, 822 N.E.2d 1239, 1253. *Page 4 
 {¶ 9} The failure to file or pursue a motion to suppress does not automatically constitute ineffective assistance of counsel. State v.Madrigal, 87 Ohio St.3d 378, 2000-Ohio-448, 721 N.E.2d 52. Failure to file a motion to suppress can only constitute ineffective assistance of counsel where the record demonstrates that the motion would have been granted. State v. Lee, Franklin App. No. 06AP-226, 2007-Ohio-1594, citing State v. Robinson (1996), 108 Ohio App.3d 428, 670 N.E.2d 1077.
 {¶ 10} A stop of a vehicle is reasonable where police have probable cause to believe that a traffic violation has occurred. Dayton v.Erickson, 76 Ohio St.3d 3, 1996-Ohio-431, 665 N.E.2d 1091. Probable cause exists when the facts and circumstances within the officer's knowledge are such that a prudent person would be warranted in believing that an offense has been or is being committed by the suspect. Beck v.Ohio (1964), 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142.
 {¶ 11} Officer Bogenschutz testified that she stopped the vehicle driven by appellant based on what she believed was a violation of the prohibition against driving a motor vehicle with an obscured license plate. Section 2135.07 of the Columbus City Code, which mirrors R.C. 4503.21, provides that:
 No person who is the owner or operator of a motor vehicle shall fail to display in plain view on the front and rear of the motor vehicle the distinctive number and registration mark, including any county identification sticker and any validation sticker[.] * * * All license plates shall be securely fastened so as not to swing, and shall not be covered by any material that obstructs their visibility.
 {¶ 12} Appellant was acquitted on the charge of driving with an obstructed license plate. However, the focus is not on whether appellant could have been stopped because a traffic violation had in fact occurred, but on whether the officer had probable cause to *Page 5 
believe an offense had occurred. State v. McGeorge, Warren App. No. CA2007-02-022, 2008-Ohio-1480. "Probable cause does not require the officer to correctly predict that a conviction will result." City ofBowling Green v. Godwin, 110 Ohio St.3d 58, 2006-Ohio-3563,850 N.E.2d 698, at ¶ 15.
 {¶ 13} We have not had occasion to consider what constitutes an obstructed license plate under R.C. 4503.21 and C.C.C. 2135.07. A number of other Ohio courts have recognized that a violation of R.C. 4503.21
has occurred, or at least probable cause to effectuate a traffic stop based on probable cause existed, where: (1) dirt, rust or other substances completely or partially covered the license plate number, county identification sticker or validation sticker, State v.Pounds, Montgomery App. No. 21257, 2006-Ohio-3040; State v.Lavalette, Wood App. No. WD-02-025, 2003-Ohio-1997; State v.Snyder, Vinton App. No. 02CA575, 2003-Ohio-2039; (2) part of the license plate number was obscured by a trailer hitch, State v. Smail, Ashland App. No. 99COA01339, 2000 Ohio App. LEXIS 4599; and (3) where a license plate bracket partially obscured either the county or validation sticker, State v. Robinson, Cuyahoga App. No. 85149, 2005-Ohio-2834. None of those cases involved the issue here, which is whether a dark plastic plate covering the license plate constitutes a violation of the prohibition against driving with an obscured license plate such that probable cause existed to effectuate a traffic stop.
 {¶ 14} However, we need not address this precise issue because on the state of the record before us, we are unable to determine whether or not a motion to suppress would have been successful. It can be difficult for a defendant to establish in hindsight that a motion to suppress would have been granted based on evidence in a trial transcript. State v.Taylor, Washington App. No. 07CA11, 2008-Ohio-482. Generally, *Page 6 
where counsel fails to file a motion to suppress, the record developed at trial is inadequate to determine the validity of a motion to suppress. State v. Morrison, Highland App. No. 03CA13, 2004-Ohio-5724.
 {¶ 15} In this case, the record contains only a small amount of information regarding the traffic stop. Officer Bogenschutz described the dark plastic cover as obscuring the visibility of the license plate. She also stated that the cover is something that can be obtained from the Bureau of Motor Vehicles, but that it is not legal to have on a vehicle. On cross-examination, Officer Bogenschutz testified that the plastic plate covered the entire license plate, but that she was able to read the license plate number. She also testified that either she or Officer Hetterscheidt entered the license plate number into their vehicle's computer prior to the initiation of the stop. Officer Hetterscheidt also testified that the dark plastic cover obscured the license plate. He did not testify that the plate number was entered into the computer prior to initiation of the stop, but rather that he used the vehicle's radio to call in the license plate number after the stop occurred as Officer Bogenschutz approached the vehicle.
 {¶ 16} Based on the evidence in the trial record, we are unable to say that a motion to suppress would have been successful if filed. Consequently, on the record before us, we are unable to conclude that trial counsel was ineffective for failing to file such a motion. Therefore, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
 KLATT and FRENCH, JJ., concur. *Page 1